869 So.2d 930 (2004)
Charles V. VODANOVICH
v.
A.P. GREEN INDUSTRIES, INC., et al.
No. 2003-CA-1079.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
*931 Steven M. Jupiter, Leblanc & Waddell, LLC, New Orleans, LA, for Plaintiff/Appellant.
R. Dean Church, Jr., Daniel W. Dilzell, Peter S. Koeppel, Best Koeppel, New Orleans, LA, for Appellee, Dixie Machine Welding and Metal Works, Inc.
H. Philip Radecker, Jr., Lawrence G. Pugh, III, Frank P. Accardo, Scott R. Hymel, Tonya M. Short, Alison S. Borison, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for Appellee, Sank, Inc., Formerly known as Buck Kreihs Company, Inc.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
Judge EDWIN A. LOMBARD.
This is a wrongful death suit in which the plaintiff appeals the trial court's finding that there were no genuine issues of material fact with regards to plaintiff being exposed to asbestos as a result of the defendants' work activities. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Vodanovich ("Plaintiff") worked as a longshoreman from 1948 to 1986. As a longshoreman the plaintiff was required to load and unload asbestos cargo at several wharves along the Mississippi River. It is alleged that various maintenance repair companies such as Buck Kreihs and Dixie machine performed maintenance work aboard the same ships that the plaintiff was loading and unloading. On November of 2001, the plaintiff was diagnosed with malignant mesothelioma. Subsequently, the plaintiff died on May 20, 2002. Prior to his death the plaintiff filed suit on February 15, 2002, naming as defendants, among others, Sank, Inc., f/k/a Buck Kreihs Company, Inc. and Dixie Machine Welding and Metal Works, Inc. (collectively "Defendants").
The defendants filed motions for summary judgment on January 9, and February 5, 2003 respectively. The defendants contend that there was no connexity between their actions and the plaintiff's contraction of mesothelioma. Specifically, the defendants argue that the plaintiff could *932 not prove exposure. The trial court granted defendants' motion for summary judgment and dismissed plaintiff's case. This subsequent appeal followed.
The sole issue on appeal is whether the trial court erred in granting the defendants' motion for summary judgment by failing to construe factual inferences drawn from the evidence in favor of the plaintiff, and finding that the defendants met their burden of proof.

LAW AND ANALYSIS
In Pierre-Ancar v. Browne-McHardy Clinic, 2000-2410 (La.App. 4 Cir. 1/16/02), 807 So.2d 344, cert. denied, XXXX-XXXX (La.4/26/02), 814 So.2d 558, this Court discussed the criteria to be used by an appellate court in reviewing a summary judgment, as follows:
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966.
The initial burden of proof remains on the movant to show that no genuine issue of material fact exists. However, if the movant will not bear the burden of proof at trial, his burden on the motion requires him not to negate all essential elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966(C)(2); Fairbanks v. Tulane University, 98-1228 (La. App. 4 Cir. 3/31/99), 731 So.2d 983, 985.
After the movant has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir 9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326. Id. at pp. 4-5 and 702 So.2d at 347-48.
To prevail, a plaintiff in an asbestos case must show, by a preponderance of the evidence, that he was exposed to asbestos from the defendant's products, and that he received an injury that was substantially caused by that exposure. When multiple causes of injury are present, a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm. Quick v. Murphy Oil Co., 93-2267 (La. App. 4th Cir.9/20/94), 643 So.2d 1291.
There can be more than one cause in fact of an accident as long as each cause bears a proximate relation to the harm that occurs and it is substantial in nature. A plaintiff seeking to recover under either negligence or strict liability theories must prove that the negligent act or defect complained of was a cause-in-fact of the injury. Davis v. State Farm Ins. Co., 558 So.2d 636 (La.App. 1st Cir.1990).
In Quick v. Murphy Oil Co., supra, the court found that:

*933 When evaluating liability in an asbestos claim, we apply traditional theories of tort liability (for example, negligence and products liability) which require proof of causation. See Cole v. Celotex Corp., 599 So.2d 1058 (La.1992); Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986); Thompson v. Johns-Manville Sales Corp., 714 F.2d 581 (5th Cir.1983), cert. den. 465 U.S. 1102, 104 S.Ct. 1598, 80 L.Ed.2d 129 (1984). Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which "proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury." 210 E. 86th Street Corp. v. Combustion Engineering, Inc., 821 F.Supp. 125, 150 (S.D.N.Y.1993).
93-2267 (La.App. 4th Cir.9/20/94), 643 So.2d 1291.
In Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), the Supreme Court stated that "conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm." Id. The court stated that negligent conduct is a substantial factor if the harm would not have occurred without the conduct, i.e., but for defendant's conduct, plaintiff would not have sustained injury. The court thereby equated the two concepts of substantial factor and necessary antecedent. Malone, Ruminations on Dixie Drive It Yourself Versus American Beverage Company, 30 La.L.Rev. 363, 373 (1970).
Quick makes clear that a plaintiff's burden of proof against multiple defendants in a long-latency case is not relaxed or reduced because of the degree of difficulty that might ensue in proving the contribution of each defendant's product to the plaintiff's injury. Thus, in an asbestos case, "the claimant must show that he had significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury." Asbestos v. Bordelon, Inc., 96-0525 (La.App. 4th Cir.10/21/98), 726 So.2d 926 at 948.
In the present case, the record indicates that the plaintiff was a longshoreman who loaded and unloaded ships at various wharves in the New Orleans area, and that the defendants were vessel repair companies who performed work on vessels at various wharves in the New Orleans area. Both the plaintiff and Earl Lindsay provided testimony regarding the plaintiff's work activities and asbestos exposure.
The plaintiff testified that he worked the asbestos line seven years prior to December, 1963, for T. Smith & Sons, unloading sacks of raw asbestos from south Africa onto barges for additional travel. The plaintiff further stated that he could have been exposed to asbestos during the maintenance and repair of the ships. However, he could not identify the contractors performing this work nor could he provide specific details of the defendants' activities in relation to the work performed and asbestos exposure.
Mr. Lindsay, a co-worker, testified that he worked with the plaintiff on the waterfront, even working in the same gang with him for periods of time, but indicated that the plaintiff would be the best person to testify to exposure to asbestos. Interestingly, Mr. Lindsay could provide no evidence of specific instances where the defendants' activities caused the plaintiff to be exposed to any asbestos fibers.
Under Louisiana law, the plaintiff bears the burden of proving that the defendants' conduct caused asbestos exposure, and that the conduct was a substantial contributing factor of the plaintiff's injury. In the present case, the plaintiff has failed to establish any direct or circumstantial *934 evidence of exposure to asbestos fibers released by the defendants' activities. The plaintiff testified that he was never engaged in any of the defendants' work. He also could not recall the names of any of the companies performing insulation work on any of the vessels he worked in and around nor could he could he recall what materials they were using or what things they were insulating. The record lacks any evidence that plaintiff was exposed to any asbestos fibers as a result of any repair work by defendants, sufficient to warrant the inference that plaintiff was exposed to asbestos fibers released by the defendants' activities.
It is well established that the movant in a motion for summary judgment need only show that "there is an absence of factual support for one or more elements essential to the adverse part's claim, action or defense." Thereafter, if the adverse party fails to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. Art. 966. Because plaintiff has provided no identification of actual work being performed in proximity, there can be no inference that the defendants' activities were a substantial factor in causing plaintiff's injuries. A plaintiff must establish his claim to a reasonable certainty, mere possibility, and even unsupported probability, are not sufficient to support a judgment in plaintiff's favor. Accordingly, summary judgment was appropriate and the trial court's judgment should be affirmed.

CONCLUSION
Based on the forgoing, the judgment of the trial court sustaining the defendants' motion for summary judgment is affirmed.
AFFIRMED.