COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-244-CV

 

 

PAUL VERRET AND SUZANNE VERRET                                  APPELLANTS

 

                                                   V.

 

AMERICAN BILTRITE, INC., CERTAINTEED                               APPELLEES

CORPORATION, BONDEX
INTERNATIONAL, 

INC., REPUBLIC POWDERED
METALS, AND 

UNION CARBIDE CORPORATION

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

 








The primary issue that we address in this
negligence and products liability appeal involving potential concurrent causes
of mesothelioma from exposure to asbestos is whether the trial court erred by
failing to give the jury the correct statement of Louisiana law relative to the
substantial factor test for determining cause-in-fact.  For the reasons set forth below, we hold that
the trial court did err by failing to incorporate the substantial factor test
into the jury instruction on causation but that the error did not probably
cause rendition of an improper judgment. 
Accordingly, we affirm the trial court=s
judgment.

II.  Factual and Procedural Background

Appellants Paul and Suzanne Verret, brother and
sister, grew up in and around New Orleans and lived there at the time of
trial.  Their father owned and operated a
remodeling business called West-Side Home Improvement.  Paul worked at West-Side during summer
vacations from 1956 or 1957 until 1968, served in the military for a year, and
then returned to work at West-Side from 1969 to 2003.

The Verrets lived in a neighborhood located
approximately one mile from the Johns-Manville plant, which used crocidolite asbestos
in making its products.  An
extraordinarily high rate of mesothelioma exists in this community.








In 2002, Suzanne was diagnosed with
mesothelioma.  Thereafter, she filed suit
in Tarrant County against American Biltrite; Bondex International; CertainTeed
Corporation; Congoleum Corporation; Flintkote Company; Georgia Pacific
Corporation; National Service Industries, Inc.; Texas Refinery Corp.; Union
Carbide Corporation; and Republic Powdered Metals, alleging that she was
exposed to asbestos fibers from their products, which were carried home on her
father=s and
her brother=s clothing from their work at
West-Side.  In January 2003, Paul was
diagnosed with mesothelioma and filed suit in Tarrant County against the same
defendants that Suzanne had brought suit against.  Although the two suits were not formally consolidated, Suzanne=s and
Paul=s cases
were tried together.  During the trial,
Flintkote and Georgia Pacific settled, and the trial court granted a directed
verdict in favor of Texas Refinery. At the conclusion of the twenty-one-day
jury trial, the jury found the remaining defendants not liable, and the trial
court signed a final judgment ordering that Appellants take nothing against the
remaining defendants.  This appeal
followed, contesting the trial court=s
alleged failure to submit the appropriate Louisiana law on causation to the
jury.

III.  Jury Charge Error

In connection with the products liability jury
questions,[2]
the trial court gave the following causation instruction to the jury:








As to the requirement
that Paul Verret=s injury be caused by a
defendant=s conduct, I do not mean
that the law recognizes only one cause of any injury, consisting of only one
factor or thing, or the conduct of only one person.  On the contrary, many factors or things may
operate at the same time, either independently or together, to cause injury or
damage.  You should resolve this question
by deciding whether Paul Verret would probably not have suffered the claimed
injuries in the absence of a defendant=s conduct.  If Paul Verret probably would have suffered
those injuries regardless of what the defendant did, then you must conclude
that the injuries were not caused by the defendant.  If, on the other hand, Paul Verret probably
would not have suffered the claimed injuries in the absence of a
defendant=s conduct, then you must
conclude that defendant=s conduct did play a part
in Paul Verret=s injury.  [Emphasis added.]

 

In their first issue, Appellants argue that the
trial court failed to give the jury the correct statement of Louisiana law[3]
relative to the substantial factor test for determining cause-in-fact.  In their second issue, Appellants contend
that the jury instruction given by the trial court was so inadequate as to
deprive them of the right to a fair trial.

A.     Preservation of Charge Complaint

1.  In
the trial court








Appellees contend that the Verrets failed to
preserve in the trial court the charge issue that they now raise concerning all
jury questions except jury questions 1, 2, and 3.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).  The trial court must rule on the objection
either expressly or implicitly.  Tex. R. App. P. 33.1(a); Wrenn v.
G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 497 (Tex. App.CFort
Worth 2002, no pet.).  If the trial court
refuses to rule, an objection to the refusal to rule is sufficient to preserve
error.  Tex.
R. App. P. 33.1(a)(2).

Here, Appellants objected in the trial court only
to jury questions 1, 2, and 3.  With
regard to jury questions 4 through 18, Appellants made no specific objections
at trial.  Therefore, Appellants
preserved any alleged charge error with regard to only jury questions 1, 2, and
3.  See Tex. R. App. P. 33.1(a). 
Appellants complaints concerning the Abut for@
causation instruction provided to the jury in connection with jury questions 4,
6, 7, 8, 12, 13, 14, 16, 17, and 18 are not preserved for our review.








On appeal, Appellants appear to rely on their
objection to jury question 3C A[T]he
same objections as throughout this, Your Honor, as to the Court=s Charge
on proximate cause, in that it includes essentially a >but for=
instruction@Cand the
submission of their proposed jury instructions, as well as discussions off the
record, to contend that they preserved any alleged error as to the remaining
jury questions containing the Abut for@ causation
instruction. The rules of civil procedure expressly prohibit the Asame
objection throughout@ type of global objection to the
charge.  See Tex. R. Civ. P. 274 (ANo
objection to one part of the charge may be adopted and applied to any other
part of the charge by reference only.@).  Concerning Appellants=
contention that they preserved error by tendering proper instructions, they
tendered forty-three different instructions, many of them duplicative or
variations of the same instruction, and the record contains no indication of
which questions Appellants contended these instructions should be submitted
with.  In fact, an informal charge
conference apparently took place off the record, and when the parties and the
court were prepared for the official charge conference, the trial court
specifically told Appellants, ACounsel,
everything needs to be on the record at this point.  Any objection you have must be on the record
at this time.@ 
As discussed, Appellants= only
objections on the record are to jury questions 1, 2, and 3.  Accordingly, Appellants failed to preserve
error with regard to jury questions 4 through 18, which included the jury
questions related to Suzanne=s causes
of action.








Finally, the court=s charge
did not contain any question asking the jury to determine whether Appellee
Republic Powdered Metals was liable for Paul and Suzanne Verret=s
injuries, and Appellants did not object to this omission.  Consequently, any charge error concerning
Republic Powdered Metals is waived.  See
Tex. R. App. P. 33.1(a); see
also SeaRiver Maritime, Inc. v. Hentz, No. 01-99-00168-CV, 2000 WL
298425, at *5 (Tex. App.CHouston [1st Dist.] Mar. 23,
2000, pet. denied) (not designated for publication) (holding that trial court
did not err by refusing liability question regarding independent contractor and
that SeaRiver waived error about trial court=s
failure to include independent contractor in comparative fault question).

We overrule Appellants= first
and second issues to the extent that they complain of the Abut for@
causation instruction submitted with jury questions 4, 6, 7, 8, 12, 13, 14, 16,
17, and 18.  We likewise overrule Appellants= first
and second issues to the extent that they purport to assert complaints against
Republic Powdered Metals.

2.  In
the appellate court








Jury question 1 asked whether Appellees[4]
were negligent in causing an asbestos-related injury to Paul.  Appellants= brief
contains no express or implied challenge to jury question 1.  Because Appellants did not brief any
challenge to jury question 1, any error in that question is not properly before
us.  See e.g., Fredonia State
Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994).  Thus, although jury question 1 contains the
same Abut for@
causation instruction, it is not challenged in this appeal.

 

B.     Standard of Review

Having determined that the charge error alleged
by Appellants to exist in jury questions 2 and 3 has been preserved for our
review, we now proceed with our analysis to determine whether, in fact, error
exists in the court=s charge.  The standard of review for alleged jury
charge error is abuse of discretion.  Steak
& Ale of Tex., Inc. v. Borneman, 62 S.W.3d 898, 904 (Tex. App.CFort
Worth 2001, no pet.).  A trial court
abuses its discretion by acting arbitrarily, unreasonably, or without
consideration of guiding principles.  Id.








When
submitting the jury charge, a trial court is afforded more discretion when submitting
instructions than when submitting questions. 
Id.  However, the
discretion afforded during the submission of instructions is not absolute.  See Tex.
R. Civ. P. 277.  According to rule
277, a trial court must submit instructions Aas shall
be proper to enable the jury to render a verdict.@  Id.    For
an instruction to be proper, it must (1) assist the jury, (2) accurately state
the law, and (3) find support in the pleadings and the evidence.  Borneman, 62 S.W.3d at 904-05.  An instruction that misstates the law as
applicable to the facts or one that misleads the jury is improper.  Id. at 905.  C.     Louisiana Law on
Concurrent Causation

To determine whether the charge provided the jury
with correct principles of law, we look to Louisiana jurisprudence.  According to Louisiana jurisprudence, when
evaluating liability in an asbestos claim, the court is required to apply
traditional theories of tort liability (for example, negligence and products
liability) that require proof of causation. 
See Quick v. Murphy Oil Co., 93-2267, (La. App. 4 Cir. 9/20/94);
643 So. 2d 1291, 1294.  Asbestos cases
typically involve multiple defendants, and courts have analyzed the cases under
concurrent causation, a doctrine that Aproceeds
from the assumption that more than one defendant substantially contributed to
the plaintiff=s injury.@  Id. at 1294.








The first element of proof under either
negligence or products liability is causation. 
Id. at 1295.  Cause-in-fact
usually is a Abut for@
inquiry, which tests whether the injuries would or would not have occurred but
for the defendant=s substandard conduct.  Perkins v. Entergy Corp., 2000-1372
(La. 3/23/01); 782 So. 2d 606, 611 (citing Boykin v. La. Transit Co.,
96-1932, pp.8-9 (La. 3/4/98); 707 So. 2d 1225, 1230).  Where there are concurrent causes of an
injury, the proper inquiry is whether the conduct in question was a substantial
factor in bringing about the injury.  Id.
at 611.  The substantial factor rule was
developed primarily for cases in which application of the Abut for@ rule
would allow each defendant to escape responsibility because the conduct of one
or more others would have been sufficient to produce the same result.  W.
Page Keeton, et al., Prosser and Keeton on the Law of Torts ' 40, at
260 (5th ed. 1984).  Louisiana courts
have applied the Asubstantial factor@ test to
determine whether exposure to a particular asbestos-containing product was a
cause-in-fact of a plaintiff=s
asbestosis; that is, the exposure has to be a substantial contributing factor
to the plaintiff=s disease.  See Vodanovich v. A.P. Green Indus.,
Inc., 2003-1079 (La. App. 4 Cir. 3/3/04); 869 So. 2d 930, 932; Egan v.
Kaiser Aluminum & Chem. Corp., 94-1939 (La. App. 4 Cir. 5/22/96); 677
So. 2d 1027, 1034-35; Quick, 643 So. 2d at 1295-97.

D.     Analysis of Jury Charge Used in This Case








Reviewing the jury instruction above that was
given in this case, it is clear that the instruction does not contain the
substantial factor test.  Despite this
deficiency, Appellees argue that this instruction is permissible because it is
taken from the pattern jury instruction contained in the Louisiana Civil Law
Treatise.  However, the first comment
to that pattern jury instruction states, AThis is
a purposeful intent to steer between what are probably the two extremes of
instructions on causation:  >the
substantial factor= instruction . . . and the >but for= test.@  See 18 H. Alston Johnson, III, Louisiana Civil Law Treatise:  Civil Jury Instructions ' 3.03
cmts. (2d ed. 2001).  Moreover, that
instruction is listed in the pattern jury charges under ANegligenceBCause-in-fact,@
generally, without regard to a situation involving multiple defendants and
concurrent causation.  See id.













Appellees also rely upon Bonin v. Ferrellgas,
Inc. to support the trial court=s use of
the jury instruction on causation.  See
2003-3024 (La. 7/2/04); 877 So. 2d 89. 
The jury instruction in Bonin is very similar to the one given by
the trial court in this case.  See id.
at 93 & n.4.  However, the jury
instruction in Bonin more closely tracks the pattern jury charge and
does not include the article Aa@ before
references to Adefendant,@ which
is what the jury instruction in this case did. 
See id.  Additionally, the
court in Bonin did not implicitly or explicitly address the propriety of
the jury instruction.  Instead, the
opinion sets forth the jury instruction in a footnote and then proceeds to
address the issue for which the Louisiana Supreme Court granted Empiregas=s writ
applicationCwhether the Third Circuit
misapplied the manifest error/clearly wrong standard of review.  Id. at 93-99.  During the court=s
discussion of whether the Third Circuit misapplied the standard of review, the
Louisiana Supreme Court applied the substantial factor test because more than
one party=s conduct allegedly caused the
fire.  Id. at 94.  Therefore, we do not conclude that Bonin
stands for the proposition that the Louisiana Supreme Court has moved away from
applying the substantial factor test; instead, we hold that Louisiana case law
requires that the substantial factor test be applied when determining
cause-in-fact in a case involving concurrent causes.  See Perkins, 782 So. 2d at 612 &
n.4 (stating Aour case law is clear that the
substantial factor test is the preferred test for causation when there are
multiple causes, such as in the present case@); Boykin,
707 So. 2d at 1230 & n.10 (stating that when there are concurrent causes of
an accident which nevertheless would have occurred in the absence of one of the
causes, the proper inquiry is whether the conduct under consideration was a
substantial factor in bringing about the accident); Oliveaux v. St. Francis
Med. Ctr., 39,147 (La. App. 2 Cir. 12/15/04); 889 So. 2d 1264, 1274
(charging the jury that Ain a negligence action, the
plaintiff must also show that the defendant=s
conduct caused or was a substantial factor in her injury@); Vodanovich,
869 So. 2d at 932-33 (stating that under Louisiana law, plaintiff bears burden
of proving that defendants= conduct
caused asbestos exposure and that conduct was a substantial contributing factor
of plaintiff=s injury); Emery v.
Owens-Corp., 2000-2144 (La. App. 1 Cir. 11/9/01); 813 So. 2d 441, 450-51
(applying substantial contributing factor test in asbestos case); Egan,
677 So. 2d at 1034-35 (same); Quick, 643 So. 2d at 1295-97 (same); Manguno
v. Babcock & Wilcox, 961 F.2d 533, 534-36 (5th Cir. 1992) (same); see
also Torrejon v. Mobil Oil Co., 2003-1426 (La. App. 4 Cir. 6/2/04); 876 So.
2d 877, 891 (discussing substantial factor test and comparing it to lesser
standard of slight causation applied in Jones Act case).

Here, because concurrent causes were alleged, the
trial court was required to instruct the jury on the substantial factor test
for cause-in-fact.  Instead, the jury
instruction that the trial court submitted was similar to a Abut for@
instruction, allowing each Appellee to escape responsibility if the conduct of
one or more of the other Appellees would have been sufficient to cause Paul=s
mesothelioma.  Consequently, the trial
court failed to accurately state the law and thereby gave an improper
instruction.  Therefore, we hold that the
trial court erred by giving a Abut for@
causation instruction in a concurrent cause case.  We sustain Appellants= first
issue as to jury questions 2 and 3.

IV.  Harm Analysis

Having
found error, we must now determine whether the error in the jury instruction
given in connection with jury questions 2 and 3 is reversible.       A.     Standard
of Review








Error in
the jury charge is reversible only if the error probably caused the rendition
of an improper judgment or probably prevented the appellant from properly
presenting the case on appeal.  Tex. R. App. P. 44.1(a); Owens-Corning
Fiberglas Corp., 942 S.W.2d at 722. 
To determine whether an improper jury charge constitutes reversible
error, we must consider the pleadings of the parties, the evidence presented at
trial, and the charge in its entirety.  Timberwalk
Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex.
1998); Island Recreational Dev. Corp. v. Rep. of Tex. Sav. Ass=n, 710
S.W.2d 551, 555 (Tex. 1986) (op. on reh=g).  If the error in the charge relates to a
contested issue and the evidence is sharply conflicting, the error will likely
require reversal.  See, e.g.,
Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex. 2001) (holding
erroneous instruction on causation in age discrimination case was reversible
error); Conquest Drilling Fluids, Inc. v. Tri-Flo Intern, Inc.,
137 S.W.3d 299, 308 (Tex. App.CBeaumont
2004, no pet.) (holding that trial court=s error
in refusing to submit a jury question concerning tender of delivery was
erroneous, requiring reversal and new trial). 
If, however, either the pleadings or the evidence are insufficient to
support submission of the issue that was incorrectly submitted, then the charge
error is not reversible.  See Alaniz
v. Jones & Neuse, Inc., 907 S.W.2d 450, 452 (Tex. 1995).      B.     The
Evidence








We begin our harm analysis with an examination of
the evidence.  The question of what
constitutes legally sufficient evidence to support the submission of the
substantial factor causation instruction in asbestos cases turns on
exposure.  In asbestos cases, the term Aexposure@ refers
to inhalation of asbestos fibers into the lungs.  Asbestos v. Bordelon, Inc.,
1996-0525 (La. App. 4 Cir. 10/21/98); 726 So. 2d 926, 948.  Mere physical presence of asbestos-containing
material is insufficient.  Roberts v.
Owens-Corning Fiberglas Corp., 2003-0248 (La. App. 1 Cir. 4/2/04); 878 So.
2d 631, 642.  In order for an exposure to
result in an asbestos-related disease, the claimant must show that he had
significant exposure to the product complained of to the extent that it was a
substantial factor in bringing about his injury.  Bordelon, 726 So. 2d at 948.  Without frequent, regular exposure, courts
are unwilling to hold that incidental uses of a product are a substantial
factor in the causation of a plaintiff=s injuries.  See id.








We have thoroughly reviewed the voluminous
reporter=s record
filed in connection with this appeal.  In
general, Appellants attempted to show that each of their exposures to Appellees=
products containing asbestos was cumulative, such that each Appellee would be
liable.  Appellees attempted to show that
Appellants had not been exposed to their particular products or that Appellants=
exposures to Appellees= products were not as frequent
or regular as the exposures that Appellants experienced by virtue of living
nearby to the Johns-Manville asbestos plant. 
Although the evidence reveals that Paul came into contact with a variety
of products containing asbestos, the evidence fails to show that Paul had
frequent and regular exposure to the products made by Appellees.[5]








Paul failed to quantify how often he was exposed
to asbestos dust from American Biltrite=s Amtico
floor tile.  Instead, he testified
generally that he was Aaround@ it when
it was being installed and removed.  With
regard to the Bondex joint compounds, Paul testified generally that he breathed
in asbestos dust from joint compounds daily when he visited job sites.  However, he did not testify how often Bondex
was used or how often Georgia Pacific joint compound (containing Union Carbide
asbestos) was used, nor did he testify how close he was in proximity to the
joint compound work at the job sites. 
Dr. Crapo testified that merely being around joint compounds was not the
level of exposure that would cause mesothelioma.  With regard to CertainTeed, Paul testified
that he was exposed to asbestos dust from the cutting of asbestos cement pipe.  However, his testimony that he was present
six times while CertainTeed pipe was installed and held such pipe twice while
it was cut does not constitute frequent and regular exposure over forty-five
years of work in the home improvement field. 
Paul also testified that he was exposed to asbestos dust from the
removal of asbestos shingles, felt, and siding on which he saw CertainTeed=s name,
but CertainTeed=s corporate representative
testified that CertainTeed never printed its name on these products.  The CertainTeed shingles that Paul claims to
have removed in the 1960s were not made until the 1970s.  And, again, Paul did not quantify in any
respect his alleged exposure to CertainTeed shingles, felt, or siding.

Because the record before us contains no evidence
quantifying in any respect Paul=s
exposures to Appellees= products, there is no evidence
that any exposures were frequent and regular. 
Absent some evidence of frequent and regular exposure, Appellees=
products as a matter of law could not be found by the jury to be a substantial
factor in causing Paul=s mesothelioma. Consequently,
the trial court=s error in failing to instruct
the jury on substantial factor causation did not probably cause the rendition
of an improper judgment.  We overrule
Appellants= second issue.  Moreover, because we have held that the
alleged exposures were not frequent and regular, we need not address whether
the charge error in jury question 3 was harmless.  See Tex.
R. App. P. 47.1








V.  Conclusion

Having held that the jury charge error was not
harmful, we affirm the trial court=s
judgment on the jury=s verdict that Appellants take
nothing.

 

 

 

SUE
WALKER

JUSTICE

PANEL A:   GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  August 31, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Out of the twenty-one
jury questions, specifically jury question numbers 2 through 4, 6 through 8, 12
through 14, and 16 through 18 included this instruction.





[3]This case was tried under
the substantive law of Louisiana, the state in which the alleged asbestos
exposures occurred.  See Tex. Civ. Prac. & Rem. Code Ann. ' 71.031(b) (Vernon Supp.
2006); Owens-Corning Fiberglas Corp. v. Martin, 942 S.W.2d 712, 721
(Tex. App.CDallas 1997, no writ).





[4]As noted above, none of
the questions in the jury charge asked whether Republic Powdered Metals was
liable.  Our references in this section
to AAppellees@ include American
Biltrite, CertainTeed Corporation, Bondex International, and Union Carbide
Corporation.





[5]West-Side maintained
extensive, meticulous business records and produced twenty-six boxes of
business records to Appellees.  When
Appellees attempted to question Paul about the contents of the boxes to see if
he knew whether they contained any invoices for their products, he explained
that he had browsed through the West-Side records but had not reviewed them
completely.  Despite possession of these
boxes of records, Paul did not introduce into evidence any invoices showing
that West-Side used Appellees= products. 
Although their questions are not evidence, Appellees= attorneys repeatedly
asked Paul if he would be surprised to learn that the boxes of records
contained not a single invoice for their products; Paul said that he would not
be surprised.