| | | |
|---|---|---|
| CAROLYN BRINDELL, JOHN BRINDELL, III, CONNIE DUPUY, AND CHRISTOPHER BRINDELL, INDIVIDUALLY AND ON BEHALF OF DECEDENT JOHN BRINDELL, JR. | * | NO. 2022-CA-0153 |
| | * | |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| VERSUS | * * * * * * * | |
| CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC., ET AL. | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-09716, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)

LINDSEY A. CHEEK
JEANNE ST. ROMAIN ARCENEAUX
THE CHEEK LAW FIRM
650 Poydras Street, Suite 2310
New Orleans, Louisiana 70130

-and-

THOMAS M. FLANAGAN
ANDERS F. HOLMGREN
FLANAGAN PARTNERS, LLP
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170

-and-

MELISSA SCHOPFER, *PRO HAC VICE*
MICHAEL K. HIBEY, *PRO HAC VICE*
JEAN-MICHEL LECOINTRE, *PRO HAC VICE*
JACQUELINE G. BADDERS, *PRO HAC VICE*
DANIEL P. BLOUIN, *PRO HAC VICE*

DONALD P. BLYDENBURGH, *PRO HAC VICE*
WILLIAM A. KOHLBURN, *PRO HAC VICE*
SIMMONS HANLY CONROY, LLC
One Court Street
Alton, Illinois 62002

      COUNSEL FOR PLAINTIFFS/APPELLANTS


LAWRENCE G. PUGH, III
DONNA M. YOUNG
PUGH ACCARDO HAAS RADECKER & CAREY, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**SEPTEMBER 21, 2022**

Plaintiffs, Carolyn Brindell, John Brindell III, Connie Dupuy and Christopher Brindell, each individually and on behalf of the decedent, John Brindell, Jr. ("Mr. Brindell"), appeal the trial court's October 19, 2021 judgment granting a motion for summary judgment in favor of defendant, Utility Trailer Manufacturing Company ("Utility"). For the reasons that follow, and based upon our *de novo* review, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Mr. Brindell died of mesothelioma in July 2019. Plaintiffs filed a petition for damages against numerous defendants, including Utility, alleging that Mr. Brindell's death was a result of his exposure to asbestos while employed as a mechanic by Puerto Rico Marine Management ("PRMM") from approximately 1970 through 1984 at the Port of New Orleans. More specifically, it is alleged that throughout his employment, Mr. Brindell was exposed to asbestos and/or asbestos-containing insulation, equipment, and/or friction products, including but not limited to brakes. The petition names Utility as a manufacturer, seller, contractor, distributor and/or supplier of asbestos containing products.

Utility filed a motion for summary judgment, asserting, as a preliminary matter, that Mr. Brindell's Social Security records demonstrated that he was employed by PRMM from early 1976 to late 1981, ***not 1984*** as asserted in the petition for damages. As explained more fully below, the end date of Mr. Brindell's employment at PRMM is pertinent to this discussion.

The motion for summary judgment also asserts that there is no evidence that Mr. Brindell ever worked with or around any asbestos-containing products manufactured, sold, supplied, and/or distributed by Utility during the relevant time period, *i.e.*, 1976 through 1981. Thus, Utility maintains that plaintiffs cannot meet their burden of proving a substantial exposure to asbestos.

In its memorandum in opposition to Utility's motion for summary judgment, plaintiffs disputed Utility's contention that Mr. Brindell ceased working at PRMM in 1981, but provided no details regarding Mr. Brindell's post-1981 employment. As to the merits of plaintiffs' asbestos exposure claim, they relied on the deposition testimony of Mr. Brindell's co-workers, Keith Poleto ("Mr. Poleto") and Raymond Kain ("Mr. Kain"), stating that they worked with Mr. Brindell at PRMM to maintain and/or replace brakes on Utility brand trailers.

At the hearing on Utility's motion for summary judgment, plaintiffs' counsel argued for the first time that while Mr. Brindell may not have been working ***for*** PRMM after 1981, he was working ***at*** the PRMM facility after 1981 for a company named Flexi Van. Plaintiffs' counsel conceded that the assertion regarding Flexi Van was not raised in their opposition to the motion for summary judgment. The record also reflects that it is outside the scope of plaintiffs' petition for damages.

Utility's counsel objected to plaintiffs' newly raised claim, and argued that: (1) trailers (including Utility brand trailers) were not in use at PRMM prior to

2

1982, thus Mr. Brindell could not have worked on a Utility trailer during his employment there; and (2) prior to 1982, only chassis were used at PRMM, and no witness identified a Utility brand chassis at PRMM.[1]

In support of the argument that Mr. Brindell worked for Flexi Van at PRMM after 1981, plaintiffs' counsel relied on the deposition testimony of Eric Jupiter ("Mr. Jupiter"), a manager at PRMM from 1979 to 1996. The record reflects that after recessing the hearing to reconsider Mr. Jupiter's deposition testimony, the trial court determined that there was no evidence to support plaintiffs' assertions on this issue. The trial court also indicated that there was no discussion of Flexi Van in the deposition testimony of Mr. Poleto or Mr. Kain. Our review of the deposition testimony confirms these findings.

Utility's motion for summary judgment was granted from the bench. The trial court's written judgment was rendered October 19, 2021. Plaintiffs' appeal followed.

**SUMMARY JUDGMENT PRINCIPLES AND STANDARD OF REVIEW**

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern a trial court's determination of whether summary judgment is appropriate. *Maddox v. Howard Hughes Corp.*, 19-0135, p. 4 (La. App. 4 Cir. 4/17/19), 268 So.3d 333, 337 (citation omitted).

The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966 (A)(3) which provides, in pertinent part, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents

---

[1] The distinction between trailers and chassis in use at PRMM is discussed in detail below.

3

show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

As this Court recognized in *Bercy v 337 Brooklyn, LLC*, 20-0583, pp. 3-4 (La. App. 4 Cir. 3/24/21), 315 So.3d 342, 345, *writ denied*, 21-00564 (La. 6/22/21), 318 So.3d 698,

> La. C.C.P. art. 966(D)(1) provides that on a motion for summary judgment, although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. The burden then shifts to the adverse party who has the burden to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue of material fact is one as to which reasonable persons could disagree, "if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 13-1606, p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith*, 93-2512, p. 27, 639 So.2d at 751).

4

**LAW AND ANALYSIS**

Regarding a plaintiff's burden of proof in an asbestos case, this Court has explained:

> The applicable law in asbestos cases is well-settled. To prove liability of a manufacturer or professional vendor of an asbestos-containing product, the plaintiff must show "he had sufficient exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 2008-1163, 2008-1169, p. 35 (La. 5/22/09), 16 So.3d 1065, 1091 (citing *Asbestos v. Bordelon, Inc.*, 1996-0525, p. 30 (La. App. 4 Cir. 10/21/98), 726 So.2d 926, 948; *Vodanovich v. A.P. Green Industries, Inc.*, 2003-1079, p. 4 (La. App. 4 Cir. 3/3/04), 869 So.2d 930, 933). This standard of proof, developed by Louisiana courts over years of asbestos litigation, is known as the "substantial factor" test. *Id.* Stated differently, the plaintiff must prove, by a preponderance of the evidence that: (1) his exposure to the defendant's asbestos product was significant; and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma (or other asbestos-related disease). *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 10-1551, p. 19 (La. App. 1 Cir. 10/4/11), 77 So.3d 360, 372 (citing *Rando,* 08-1163, 2008-1169, p. 38, 16 So.3d at 1092).

*Oddo v. Asbestos Corp. Ltd.*, 14-0004, pp. 10-11 (La. App. 4 Cir. 8/20/15), 173 So.3d 1192, 1202. *See also Boudreaux v Bollinger Shipyard*, 15-1345, p. 24 (La. App. 4 Cir. 6/22/16), 197 So.3d 761, 775.

On appeal, plaintiffs submit that the trial court erred in granting summary judgment in favor of Utility on the basis of factual impossibility when Utility failed to raise that claim in its motion, and where eyewitness testimony contradicts that theory. This argument is not supported by the existing record.

Utility's motion for summary judgment specifically asserts that "[t]here is no evidence that John Brindell, Jr. ever worked with or around any asbestos-containing products manufactured, sold, supplied, and/or distributed by Utility Trailer." Thus, the claim of factual impossibility was clearly raised.

Regarding plaintiffs' allegation that Mr. Brindell was exposed to asbestos from Utility brand trailers and/or chassis, Mr. Jupiter's deposition testimony

5

establishes the following: (1) prior to 1982, PRMM used a lift on/lift off ("Lo/Lo") system to load and unload cargo containers onto ships; (2) the Lo/Lo system utilized *chassis* (not trailers) that were loaded and unloaded with the use of cranes;[2] (3) in August 1982, PRMM changed its operation to a roll on/roll off ("Ro/Ro") system, whereby rail *trailers* were used for the first time to load and unload cargo,[3] (4) after August 1982, the Lo/Lo system using chassis was discontinued; and (5) there was no work done on rail trailers prior to 1982 in PRMM's maintenance shop. Plaintiffs presented no evidence to refute Mr. Jupiter's testimony regarding the date that the Ro/Ro system began.

As previously stated, in support of their asbestos exposure claim, plaintiffs rely on the deposition testimony of Mr. Poleto and Mr. Kain who remembered working with Mr. Brindell on Utility brand trailers. However, the uncontroverted testimony of Mr. Jupiter demonstrates that *trailers* were not in use at PRMM before 1982. Additionally, Utility correctly contends that no one identified Utility brand chassis at PRMM. Mr. Kain could only recall working on two brands of chassis, Fierhoff and Gendy. Mr. Jupiter stated that he did not recall seeing Utility chassis. Plaintiffs' opposition to the motion for summary judgment repeatedly refers to Mr. Brindell's asbestos exposure from work on Utility *trailers,* which, as explained above, could only have occurred after 1981, when the Ro/Ro system utilizing rail trailers was implemented.

---

[2] Mr. Jupiter explained that prior to 1982, gantry cranes were used to lift cargo containers on and off the Lo/Lo vessels. When taken off the vessel, the cargo containers were placed and locked onto a chassis on the dock. The chassis was a metal frame with wheels. The container and the chassis were considered two separate pieces of equipment.

[3] With the Ro/Ro system, Mr. Jupiter stated that large ramps were attached to the Ro/Ro vessel and the rail trailers would actually roll on and off the vessel. The trailer included the van and the undercarriage with wheels. The rail trailers were manufactured as a single unit as opposed to a container married to a chassis with the Lo/Lo system.

As the trial court correctly determined, Mr. Jupiter's testimony does not support plaintiffs' claim that Mr. Brindell remained at the PRMM facility after 1981 while working for Flexi Van. When asked about Flexi Van, Mr. Jupiter stated that they may have been a manufacturer of chassis or maybe a leasing company. He did not recall if Flexi Van was leasing chassis to the Port. More importantly, Mr. Jupiter was not asked, and did not mention any dates that Flexi Van may have operated at PRMM. While Mr. Brindell's Social Security records confirm that he was employed by Flexi Van from 1981 through 1987, there is no evidence in this record regarding the nature of or, more importantly, the location of Flexi Van's operations.

It is evident from the depositions taken in this action that the parties confined their discovery to the 1979 to 1981 time period, in spite of the fact that plaintiffs' petition referenced 1979 to 1984. Moreover, it appears from the record that plaintiffs inexplicably initiated no discovery regarding Mr. Brindell's employment with Flexi Van.

Plaintiffs' assertion concerning Mr. Brindell's work for Flexi Van at PRMM was undoubtedly raised for the first time during oral argument. La. C.C.P. art. 966 (F) provides that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at the time." Additionally, the 2015 comments to Article 966 state that "[p]aragraph F makes clear that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties." *See Safeway Ins. Co. of Louisiana v. Gov't Emps. Ins. Co.*, 21-01382 (La. 12/21/21), 329 So.3d 273, 274.

Aside from the fact that plaintiffs' Flexi Van argument was first raised during oral argument, we find that the record contains no competent evidence to show that Mr. Brindell worked at PRMM after 1981, when trailers were utilized in the Ro/Ro system.  Additionally, plaintiffs presented no evidence that Utility brand chassis were identified at PRMM prior to 1982, when the Lo/Lo system was in place.  Consequently, plaintiffs have presented no evidence that Mr. Brindell was exposed to any asbestos-containing product manufactured or otherwise provided by Utility.

**CONCLUSION**

Our *de novo* review of the record demonstrates that Utility met its burden of showing that Mr. Brindell did not work on or around Utility brand chassis or trailers during his employment with PRMM.  Moreover, we find that in responding to Utility's motion for summary judgment, plaintiffs failed to produce any factual support sufficient to establish the existence of a genuine issue of material fact.  Thus, plaintiffs will not be able to meet their evidentiary burden at trial.  Accordingly, we affirm the October 19, 2021 judgment granting Utility's motion for summary judgment.

**AFFIRMED**