ODELL ALLEN, AUDRY       *       NO. 2022-CA-0622
ALLEN, NIHESHA ALLEN,
AND LOLA ALLEN,       *
INDIVIDUALLY AND ON       COURT OF APPEAL
BEHALF OF DECEDENT,       *
JOYCE ALLEN       FOURTH CIRCUIT
      *
VERSUS       STATE OF LOUISIANA

* * * * * * *

EAGLE, INC., ET AL.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01207, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge
Karen K. Herman)

David Cannella
Kristopher L. Thompson
Christopher C. Colley
BARON & BUDD, PC
2600 CitiPlace, Suite 400
Baton Rouge, Louisiana 70808

      COUNSEL FOR PLAINTIFFS/APPELLANTS

Randell E. Treadaway
Brett M. Bollinger
Jeffrey E. McDonald
Darren M. Guillot
TREADAWAY BOLLINGER, LLC
406 North Florida Street, Suite 2
Covington, Louisiana 70433

      COUNSEL FOR DEFENDANT/APPELLEE

           **AFFIRMED**
           **February 24, 2023**

RLB
DLD
KKH

This appeal arises out of the death of Joyce Allen ("Mrs. Allen") from the alleged exposure to asbestos brought home by her husband, Odell Allen ("Mr. Allen"). Plaintiffs, Mr. Allen and his three adult children, appeal the June 1, 2022 judgment, granting a motion for summary judgment in favor of defendant, Ports America Gulfport, Inc., f/k/a I.T.O. Corporation and Atlantic & Gulf Stevedores ("A&G"), Inc. (hereinafter "Ports America"). For the reasons that follow, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

In this very fact specific case, Mr. Allen worked as a longshoreman and freight handler for various employers on the New Orleans riverfront from the 1960's into the 1980's.[1] In February 2021, plaintiffs filed this wrongful death and survival action arising out of the death of Mrs. Allen. The petition alleges that Mrs. Allen died of lung cancer from exposure to asbestos brought home on Mr. Allen's clothing while he was employed by multiple companies, including Ports America.

---

[1] Mr. Allen was diagnosed with asbestosis in 1999.

1

Ports America filed a motion for summary judgment asserting that there is no evidence that Mr. Allen was exposed to and/or handled asbestos while employed by Ports America, claiming that Ports America and its predecessor companies did not handle asbestos cargo at the Port of New Orleans. In support of this assertion, Ports America submitted excerpts from numerous depositions in unrelated asbestos cases (taken from 1999 to 2015), wherein corporate representatives, Joseph Harper and Joseph Untereiner, specifically testified that Ports America never handled asbestos cargo at the Port of New Orleans.

Ports America also introduced Mr. Allen's December 22, 2004 deposition testimony taken in an unrelated matter and his deposition testimony given in this case on September 28, 2021. In both depositions, Mr. Allen stated that he had no personal knowledge of handling asbestos cargo and would not have known what type of cargo he handled unless someone told him. In the latter deposition, Mr. Allen stated that he could not remember anyone talking about asbestos cargo while working for Ports America. Finally, Ports America introduced Mr. Allen's July 28, 2021 deposition (in anticipation that plaintiffs would argue that Mr. Allen did testify that he handled asbestos cargo while working for Ports America). In that deposition, Mr. Allen contradicted the statements made in the prior December 22, 2004 deposition and in the subsequent September 28, 2021 deposition. Specifically, in the July 28, 2021 deposition, Mr. Allen stated that he did move asbestos cargo for Ports America. Regarding that testimony, Ports America argues that Mr. Allen's contradictory statements are insufficient to rebut the evidence submitted in support of the motion for summary judgment and insufficient to create genuine issues of material fact.

2

In opposition to the motion for summary judgment on the issue of Mr. Allen's asbestos exposure while employed by Ports America, plaintiffs attached only one exhibit, Mr. Allen's July 28, 2021 deposition testimony wherein he stated that he handled dusty sacks of asbestos while employed by A&G (Ports America's predecessor). Based on that evidence, plaintiffs argued that there are genuine issues of material fact as to whether Mr. Allen was exposed to asbestos while working for Ports America.[2]

The matter was heard May 20, 2022. After considering the evidence, the trial court granted the motion for summary judgment from the bench, finding that the evidence submitted by plaintiffs (Mr. Allen's July 28, 2021 deposition) was insufficient to create an issue of fact precluding summary judgment. Judgment was rendered June 1, 2022. Plaintiffs' timely appealed.[3]

**SUMMARY JUDGMENT PRINCIPLES AND STANDARD OF REVIEW**

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern a trial court's determination of whether summary judgment is appropriate. *Maddox v. Howard Hughes Corp.*, 19-0135, p. 4 (La. App. 4 Cir. 4/17/19), 268 So.3d 333, 337 (citation omitted).

---

[2] As to medical causation for Mrs. Allen's lung cancer, plaintiffs also introduced the deposition testimony of expert witness, Dr. Murray Finkelstein, who opined that Mrs. Allen's exposure to asbestos from washing Mr. Allen's clothing caused here lung cancer and death. Plaintiffs also introduced the testimony of Nihesha Allen, who testified that her mother washed her father's dusty work clothes. We note, however, that the question of whether Mrs. Allen's exposure to asbestos from Mr. Allen's clothing contributed to her lung cancer and death, is not before the Court in this appeal.

[3] The matter was initially brought before this Court for expedited supervisory review. Finding that the judgment rendered in favor of Ports America is a final and appealable judgment, we declined to exercise our supervisory jurisdiction. The matter was remanded to the trial court to consider plaintiffs notice of intent to seek supervisory review as a motion for appeal. This appeal followed. *See Odell Allen, et al v Eagle Inc., et al,* 22-C-0375, (La. App. 4 Cir. 6/2/22), unpub.

The summary judgment procedure has evolved from unfavored to favored and shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966 (A)(3) which provides, in pertinent part, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

As this Court recognized in *Bercy v. 337 Brooklyn, LLC*, 20-0583, pp. 3-4 (La. App. 4 Cir. 3/24/21), 315 So.3d 342, 345, *writ denied*, 21-00564 (La. 6/22/21), 318 So.3d 698,

> La. C.C.P. art. 966(D)(1) provides that on a motion for summary judgment, although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. The burden then shifts to the adverse party who has the burden to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue of material fact is one as to which reasonable persons could disagree, "if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 13-1606, p. 5 (La. App. 4

4

Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith*, 93-2512, p. 27, 639 So.2d at 751).

Finally, it is well-settled that "[i]n determining whether an issue is genuine for purposes of a summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Robertson v. Kearney Cos., Inc.*, 20-0605, p. 4 (La. App. 4 Cir. 3/25/21), 315 So.3d 931, 935 (quoting *Estate of Alix v. Wells*, 07-0503, p. 3 (La. App. 4 Cir. 12/12/07), 974 So. 2d 63, 65).

## LAW AND ANALYSIS

Regarding the standard of proof and causation in asbestos cases, this Court explained:

> The applicable law in asbestos cases is well-settled. To prove liability of a manufacturer or professional vendor of an asbestos-containing product, the plaintiff must show "he had sufficient exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 2008-1163, 2008-1169, p. 35 (La. 5/22/09), 16 So.3d 1065, 1091 (citing *Asbestos v. Bordelon, Inc.*, 1996-0525, p. 30 (La. App. 4 Cir. 10/21/98), 726 So.2d 926, 948; *Vodanovich v. A.P. Green Industries, Inc.*, 2003-1079, p. 4 (La. App. 4 Cir. 3/3/04), 869 So.2d 930, 933). This standard of proof, developed by Louisiana courts over years of asbestos litigation, is known as the "substantial factor" test. *Id*. Stated differently, the plaintiff must prove, by a preponderance of the evidence that: (1) his exposure to the defendant's asbestos product was significant; and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma (or other asbestos-related disease). *Robertson v. Doug Ashy Bldg. Materials, Inc.,* 10-1551, p. 19 (La. App. 1 Cir. 10/4/11), 77 So.3d 360, 372 (citing *Rando,* 08-1163, 2008-1169, p. 38, 16 So.3d at 1092).

*Oddo v. Asbestos Corp. Ltd.*, 14-0004, pp. 10-11 (La. App. 4 Cir. 8/20/15), 173 So.3d 1192, 1202.

In this appeal, plaintiffs assert that the trial court erred in granting summary judgment based on an impermissible credibility determination as to the testimony of Mr. Allen, when that evidence created a genuine issue of material fact as to whether Mr. Allen was exposed to asbestos while employed by Ports America. More specifically, plaintiffs argue that the trial court erred in making a credibility determination after considering Mr. Allen's 2004 and 2021 deposition testimony.

Ports America counters plaintiffs' argument, reiterating that the only evidence offered in opposition to their motion for summary judgment was Mr. Allen's July 2021 deposition, which contradicted his prior 2004 deposition and his subsequent September 2021 deposition. Thus, Ports America argues that Mr. Allen's inconsistent testimony, **alone**, is insufficient to create a fact issue precluding summary judgment. In support of this position, Ports America cites *Steib v. Lamorak Ins. Co.*, 20-0424 (La. App. 4 Cir. 2/3/21), ___ So.3d ___, 2021 WL 503240, *writ denied* 21-00453 (La. 6/8/21), 317 So.3d 326.

In *Steib*, plaintiffs appealed the granting of summary judgment in favor of two defendants, Parsons Government Services, Inc. ("Parsons") and Marathon Petroleum Company, LP. ("Marathon"). The narrow issue presented was whether a genuine issue of material fact existed regarding Mr. Steib's exposure to asbestos while employed by Parsons during the construction of the Marathon refinery. Parsons and Marathon based the motions for summary judgment on plaintiffs' failure to establish causation, *i.e.*, the inability to establish that Mr. Steib was exposed to asbestos while employed by Parsons while working at Marathon.

In opposition to the motions for summary judgment, plaintiffs introduced deposition testimony of three co-workers to support their position that Mr. Steib worked with asbestos-containing gaskets during his employment with Parsons.

6

Only one of the co-workers ("Mr. Alonzo") testified to having seen Mr. Steib working with asbestos-containing materials for Parsons during the pertinent time period. However, the Court determined that Mr. Alonzo provided internally inconsistent testimony regarding whether the particular gaskets, with which Mr. Steib worked, contained asbestos. Specifically, the Court noted, "[a]t one point, [Mr. Alonzo] testified that he was unsure if the Garlock gaskets that he witnessed Mr. Steib working with contained asbestos; at another point, he testified that the gaskets had asbestos sticking out the sides of them."

In affirming the granting of the motions for summary judgment, the Court held:

> Credibility calls, as Plaintiffs contend, cannot be made in ruling on a summary judgment motion. *See M.R. Pittman Grp., L.L.C. v. Plaquemines Par. Gov't*, 15-0860, p. 11 (La. App. 4 Cir. 12/2/15), 182 So.3d 312, 320. The situation presented here is not one of making a credibility call; rather, the situation presented here is one of a witness giving internally inconsistent testimony in the same deposition. Mr. Alonzo's internally contradictory testimony regarding Mr. Steib's handing of asbestos-containing gaskets is insufficient to create a triable issue of fact. *See George v. Dover Elevator Co.*, 02-0821, p. 4 (La. App. 4 Cir. 9/25/02), 828 So.2d 1194, 1197 (observing that "[a]n inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered"); *See, e.g., Davis v. Foster Wheeler Energy Corp.*, 205 Cal.App.4th 731, 140 Cal.Rptr.3d 682, 685 (2012) (another asbestos exposure case).

*Steib*, 20-0424, p. 20, 2021 WL 503240 at *8.

In the present case, plaintiffs maintain that Mr. Allen's deposition testimony was not internally inconsistent, as Ports America argues. Rather, plaintiffs assert that in the 2004 deposition, Mr. Allen could not recall specifically all the cargo he handled while employed on the riverfront, but nevertheless knew that he worked all types of cargo. In his July 2021 deposition, after having an opportunity to

7

review relevant records and photographs, plaintiffs claim his memory as to working asbestos cargo for Ports America was refreshed. Plaintiffs submit that this evidence is sufficient to create a genuine issue of material fact precluding summary judgment in this instance. We disagree.

In making this argument, plaintiffs fail to address the fact that in his subsequent September 2021 deposition (which appears to be a continuation of the July 2021 deposition), Mr. Allen again reiterated that he could not say what type of cargo he handled for Ports America. When asked whether he had a specific recollection of anyone talking about asbestos cargo while working for Ports America, Mr. Allen stated that "I can't answer that because it been a long time. I heard that before in different places, but I don't know where I was working at. I can't think of that." Based on our review of the record, it is evident that Mr. Allen's deposition testimony is in fact internally inconsistent.

We also note that plaintiffs failed to introduce (as is common practice in asbestos cases) any deposition testimony from other workers in unrelated asbestos cases to support their position that Mr. Allen was exposed to asbestos while working for Ports America. The trial court questioned why plaintiffs did not introduce testimony from other plaintiffs (or other employees of Ports America) as they did in opposition to the motions for summary judgment brought by other defendants in this case. Plaintiffs' counsel responded by stating that considering Mr. Allen's own deposition testimony regarding his work for Ports America, he deemed it unnecessary to introduce this other evidence. Plaintiffs' counsel further explained that he "just didn't want to burden the court with all of that evidence."

It is well-settled that appellate courts, on *de novo* review, may only consider evidence admissible under the express provisions of La. C.C.P. art. 966 (D)(2),

8

which states, in pertinent part, that "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." Moreover, under the current version of La. C.C.P. art. 966(D)(2), we may consider only those documents specifically filed in support of or in opposition to a motion for summary judgment, ***even if those documents appear elsewhere in the record***. *See* Comments - 2015, comment (k). Emphasis added.

Regardless of the reasoning for not submitting any other evidence, the fact remains that the only evidence introduced by plaintiffs in opposition to Ports America's motion for summary judgment was Mr. Allen's inconsistent deposition testimony. In line with the requirements set forth in La. C.C.P. art. 966(D)(2) and the Court's pronouncement in *Steib*, we find that such evidence, standing alone, is insufficient to establish the existence of a material issue of fact in this matter.[4]

**CONCLUSION**

For the forgoing reasons, we find no error in the trial court's granting of summary judgment in favor of Ports America. Accordingly, we affirm.

**AFFIRMED**

---

[4] We note that the introduction of the additional evidence heretofore mentioned may have effected a different result in this Court's ruling.