BELSOME, J.,
concurs in part and dissents in part.
hi concur in the majority’s affirmation of the trial court’s rulings as it relates to the determinations that 1) Raleigh Landry was diagnosed with mesothelioma, 2) asbestos was the cause of the mesothelioma, and 3) mesothelioma was the cause of Mr. Landry’s death.
I dissent from the reversal of the trial court’s granting of summary judgment on the issues of 1) Mr. Landry’s exposure to John Crane’s and Steel Grip’s asbestos containing products, 2) the exposure to those products being a substantial contributing cause of Mr. Landry’s mesothelioma, and 3) John Crane and Steel Grip are liable under Louisiana law.
It is uncontested that Mr. Landry began his career as a pipefitter in 1959 and continued working in that capacity until 2001. *514 Further undisputed was his testimony that as a pipefitter he was exposed to asbestos while working for McDermott and Avon-dale. The defendants do not provide any countervailing evidence to the testimony provided by Mr. Landry and his co-worker John Grisaffe but rather attempt to point out minor insignificant inconsistencies in their statements. Simply put, Mr. Landry’s and Mr. Grisaffe’s testimony are un-contradicted.
| ¡Historically, latent disease cases in general and asbestos in particular, such as this one, the plaintiff has an extraordinary challenge of gathering evidence dating back 30 to 40 years or longer to recreate his workplace history. Typically this is accomplished through deposition testimony taken while the plaintiff and sometimes other witnesses are suffering from some form of asbestos related disease. At the time of deposition, the ill and often times aged employee, is expected to recall, by name, each and every employer, supplier, and manufacturer that he came into contact with during his employment. Even under such difficult circumstances, the plaintiffs were able to clearly establish that the defendants’ products were present in the workplace, that Mr. Landry worked with and around the products, and that the products emitted asbestos dust. The majority has even cited in its opinion, the deposition testimony of Mr. Landry and his co-worker Mr. Grisaffe that went uncontested.
This Court has consistently acknowledged that every exposure to asbestos, no matter how brief, is a contributing factor and constitutes a cause of mesothelioma. See McAskill v. American Marine Holding Co., 07-1445 (La.App. 4 Cir. 3/4/09), 9 So.3d 264; Hennegan v. Cooper/T. Smith Stevedoring Co., 02-0282 (La.App. 4 Cir. 12/30/02), 837 So.2d 96. Dr. Arnold R. Brody, an expert in the field of cell biology and asbestos related pathology, has explained the significance of each and every exposure of asbestos stating, “mesothelio-ma is a disease that begins with a single fiber acting on a single cell, and it is impossible to state which of the individual’s multiple exposures was causative of mesothelioma.” Hennigan, p. 13, 837 So.2d at 105.
Presently, under Louisiana law, the plaintiff in a multi-defendant asbestos-exposure action must establish “that the defendant’s asbestos-containing product was a substantial factor in causing his alleged disease.” McAskill, p. 6, 9 So.3d at 268; see also Vodanovich v. A.P. Green Indus., Inc., 03-1079 (La.App. 4 Cir. R3/3/04), 869 So.2d 930. This burden can be satisfied “by simply showing that he was actively working with asbestos-containing materials.” McAskill, 9 So.3d at 268. The record in this case provides ample evidence that as a pipefitter Mr. Landry would cut, brush, buff, grind, scrape and chip off John Crane’s asbestos containing gaskets out of the flange. Likewise, the testimony regarding daily use of the Steel Grip’s asbestos containing gloves also went uncontro-verted.
It is well established that when there are no genuine issues of material fact the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). A “genuine issue” has been described as a triable issue that reasonable persons could disagree. See Jones v. Estate of Santiago, 03-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006. In an attempt to create genuine issues of fact Steel Grip and John Crane have asserted unsupported allegations that have no substance. Both defendants have acknowledged that, due to self-destruction, there are no records to refute the presence of their asbestos containing products at Avondale yet they continue to contest the fact. That type of self-serving and hollow *515 assertion cannot rise to the level of a genuine issue of material fact. It is clear that this record contains no viable evidence that establishes a genuine issue of material fact. Thus, the plaintiffs have met their burden and summary judgment was warranted by law. The majority’s attempt to establish issues of fact and speculate and fabricate an alternative theory for the dust that was being emitted from the gloves is preposterous and beyond any facts or evidence that can be adduced by this record. For these reasons I would affirm the trial court’s judgment in its entirety.