TERRI F. LOVE, Judge.
_JjThis appeal arises from the alleged take-home exposure to asbestos received by the plaintiff while his father worked at a New Orleans shipyard. The shipyard’s insurer filed a motion for summary judgment asserting that no genuine issues of material fact existed because the plaintiff lacked evidence that his father was exposed to asbestos or that he was exposed to his father’s work clothes even if the clothes were contaminated with asbestos. The trial court granted the insurer’s motion for summary judgment and stated that the plaintiff did not meet “his burden of proving that he was exposed to asbestos as a result of his father’s work.” We find that the trial court erred in granting the motion for summary judgment because the record contains evidence that plaintiffs father worked where asbestos was used and that the plaintiff was around his father’s work clothes. Therefore, we find that genuine issues of material fact exist. We reverse and remand for further proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Francis Rendon filed a petition for damages against over thirty defendants alleging liability as a result of contracting mesothelioma from exposure to ^asbestos.[1] Mr. Rendon alleged that his father brought asbestos fibers home on his work clothes from working at Pendleton Shipyard, Inc. (“Pendleton”) from 1943-1945. Therefore, Mr. Rendon asserted that Pen-dleton was partially liable for his development of mesothelioma due to take-home exposure from his father.
Continental Insurance Company (“Continental”), the successor by merger to Fidelity and Casualty Company of New York, which was the insurer of Pendleton, filed a motion for summary judgment alleging that Mr. Rendon could not carry his burden of proof that exposure allegedly from his father working at Pendleton was a substantial contributing factor to the development of mesothelioma. The trial court granted Continental’s motion for summary judgment and dismissed Mr. *860 Rendon’s claims with prejudice and ordered each party to pay its own costs.
Mr. Rendon filed a notice of intent to file an application for supervisory review, which was dismissed by this Court.[2] Mr. Rendon’s appeal followed. Mr. Rendon subsequently filed a motion to file a supplemental pleading into the record to include Continental’s amended memo in opposition to Mr. Rendon’s motion to remand in federal court, which this Court granted.[3]
Mr. Rendon asserts that the trial court erred in granting Continental’s motion for summary judgment because sufficient proof existed to create genuine issues of material fact as to Mr. Rendon’s alleged take-home exposure.

STANDARD OF REVIEW

Appellate courts review the granting of a motion for summary judgment utilizing the de novo standard of review. King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180. “Appellate courts are to review summary judgments ... under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.” Id.
The motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). “However, if the movant” does “not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment,” then “the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
“Both the evidence and all inferences drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in his favor.” Hebert v. St. Paul Fire & Marine Ins. Co., 99-0333, p. 3 (La.App. 4 Cir. 2/23/00), 757 So.2d 814, 816.

MOTION FOR SUMMARY JUDGMENT

Mr. Rendon contends that the evidence presented is sufficient to create a genuine issue of material fact as to whether he experienced take-home asbestos exposure from his father’s work clothes. We agree.
14 Continental attached the following exhibits in support of its motion for summary judgment:
1) Social Security records documenting that Mr. Rendon’s father worked for Pendleton from 1943-1945;
2) Transcripts from Mr. Rendon’s first video deposition; and
3) Transcripts from Mr. Rendon’s second video deposition.
*861 Mr. Rendon’s opposition to Continental’s motion for summary judgment contained:
1) Pendleton documents from the Secretary of State;
2) Ship building specifications;
8) Affidavit of Arthur Frank, M.D., Ph. D.;
4) A letter from Dr. Frank, which the trial court struck from the record;
5) A 1980 article from the American Journal of Industrial Medicine entitled, “Lung Cancer Prevalence Among Shipyard Workers”;
6) Excerpts of a deposition given by Dr. Andrew Marc Chung in another case;
7) Excerpts of a deposition given by Brent Finley in another case;
8) Excerpts from both of Mr. Rendon’s video depositions; and
9) E-mails regarding experts being tendered for deposition.
At the hearing on Continental’s motion for summary judgment, Mr. Rendon moved to introduce Continental’s amended memo in opposition to Mr. Rendon’s motion to remand that was filed in federal court. The trial court granted the admission of the pleading over Continental’s objection.
Continental contends that the trial court improperly admitted the pleading from federal court into evidence because the introduction of the evidence did not comply with the timeline set forth in La. C.C.P. art. 966(B)(1) and Uniform District Court Rule 9.9(b). Rule 9.9(b) requires that all opposition material be | .^received at least eight calendar days before the hearing unless the trial court sets a shorter time period. However, this Court held that “[tjrial judges have discretion, absent prejudice to the moving party, to consider affidavits opposing summary judgment served after the time prescribed by the article.” Kops v. Lee, 08-1407, p. 11 (La.App. 4 Cir. 3/31/04), 871 So.2d 1187, 1195. While this Court’s holding refers to affidavits, we liken that to other evidence submitted with an opposition to a motion for summary judgment, as long as the moving party is not prejudiced. In the present case, Continental cannot be prejudiced by its own pleading. Whether the federal pleading was attached to the opposition or introduced during the hearing on the motion for summary judgment, Continental was at all times aware of the material contained in its own pleadings. Additionally, Continental states in its appellee brief that it never disputed the presence of asbestos for the construction of ships at Pen-dleton when Mr. Rendon’s father worked there. Therefore, we do not find that the trial court abused its discretion by admitting the pleading at the hearing on the motion for summary judgment.[4]
Continental contends that Mr. Rendon failed to provide evidence that he resided in the same household as his father from 1943-1945. However, Mr. Rendon’s original petition referred to the “family home,” and the opposition to Continental’s motion for summary judgment stated that Mr. Rendon lived in the same “household” as his father.
Continental also cites to Mr. Rendon’s testimony as to when he began to help his mother launder his father’s work clothes as proof that he could not meet his burden of proof at trial regarding take-home exposure. Mr. Rendon testified |fithat he did not begin helping launder his father’s clothes until he was about nine years old or about 1947. Continental attempts to utilize this statement to prove that Mr. *862 Rendon was not exposed to asbestos allegedly on his father’s work clothes. This interpretation misconstrues Mr. Rendon’s deposition testimony.
Mr. Rendon testified that he was unaware of what kind of work his father performed at Pendleton, but that his father “used to come home dusty.” Mr. Rendon stated that he and his family would shake off the dust from his father’s work clothes in the yard and then his mother would launder the clothes. Mr. Rendon testified that his mother would “make us go in the yard and shake his clothes and then bring it into the utility room where she would proceed in washing it.” Further, Mr. Rendon stated that his father’s clothes “were too dusty to wash with the regular clothes” and that his mother told them their father’s clothes were “too dusty and dirty to go with our clothes, with the kids.” The utility room, where Mr. Rendon’s mother laundered the work clothes, was allegedly the main entrance used by the family. Mr. Rendon did state that he began to assist his mother with the laundry around the age of nine, which was after his father stopped working at Pendleton. However, that statement does not necessarily mean that Mr. Ren-don did not help shake off the clothing prior to the age of nine and does not prove that he was not exposed to his father’s work clothes and the asbestos allegedly contained thereon.
The federal pleading admitted into evidence at the hearing on the motion for summary judgment included information regarding the insulating materials used at Pendleton. The pleading quotes from the United States Marine Commission-published vessel design specifications, which stated that “all insulating materials shall be 85% magnesia or molded amosite asbestos.” Continental further stated in |7the pleading that “[t]he government specified the use of asbestos in the ships it contracted with Pendleton to construct because asbestos was ideally suited for the military actions needed.”
The trial court stated in its reasons for judgment that:
Considering the law and evidence, the court grants the Motion for Summary Judgment filed on behalf of defendant, Continental Insurance Company on the grounds that plaintiff has not met his burden of proving that he was exposed to asbestos as a result of his father’s work at Pendleton Shipyard’s Inc. The court reaches this decision because there is not specific evidence to support plaintiffs theory of liability as to Pendleton Shipyards, Inc. While the court notes that asbestos was used in shipyards, there is no specific information of what work was occurring at Pendleton when plaintiffs father worked there, where asbestos was used at Pendleton in relation to where plaintiffs father was working, or what safety precautions if any were taken by Pendleton.
“When multiple causes of injury are present, a defendant’s conduct is a cause in fact if it is a substantial factor generating plaintiffs harm.” Vodanovich v. A.P. Green Indus., Inc., 03-1079, p. 3 (La.App. 4 Cir. 3/3/04), 869 So.2d 930, 932. “[Ejvery non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma.” McAskill v. Am. Marine Holding Co., 07-1445, pp. 7-8 (La.App. 4 Cir. 3/4/09), 9 So.3d 264, 268.
In Grant v. Am. Sugar Ref., Inc., 06-1180, pp. 5-6 (La.App. 4 Cir. 1/31/07), 952 So.2d 746, 749, this Court found, in a take-home asbestos exposure case, that a genuine issue of material fact existed because the plaintiff submitted a receiving report that demonstrated that the defendanVcon-tractor performed insulation work while the plaintiffs father was working at the *863 refinery. This Court reasoned that this evidence along with other circumstantial evidence, like the presence of asbestos, was never denied, and proof that the plaintiffs father worked at the |srefinery at the correct time period, raised “at the very least” a genuine issue of material fact. Id.
In the case sub judice, it is undisputed that Mr. Rendon’s father worked for Pen-dleton. It is also undisputed that work with asbestos-containing materials was conducted at Pendleton while Mr. Ren-don’s father worked there. Mr. Rendon’s deposition testimony places him around his father’s “dusty” work clothing. Therefore, we find that Mr. Rendon presented sufficient evidence such that genuine issues of material fact exist. As this Court stated, “[w]hile defendant’s theory may prevail at trial as being more credible than plaintiffs theories, it certainly entails a credibility call, and as such is not a matter proper for summary judgment.” Grant, 06-1180, p. 8, 952 So.2d at 751. Therefore, we find that the trial court erred and reverse and remand for further proceedings consistent with this opinion.

COSTS

Continental contends that it answered Mr. Rendon’s appeal and appealed the trial court’s judgment holding that each party bear its own costs. This argument is without merit. Continental neither answered Mr. Rendon’s appeal within the time limits provided in La. C.C.P. art. 2183[5] nor filed for a separate appeal that would entitle Continental to the status of a cross-appellant. Therefore, discussion of Continental’s assertion is pretermitted.
I «DECREE
For the above-mentioned reasons, we find that the trial court erroneously granted Continental’s motion for summary judgment. We find that genuine issues of material fact exist as to Continental’s alleged liability for Mr. Rendon’s contraction of mesothelioma. Therefore, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED
BELSOME, J., concurs in the result.

. Continental Insurance Company is the only defendant that is a party to the appeal.

. The application for supervisory review was dismissed because it was the improper procedural vehicle to seek redress from the trial court’s ruling.

. The pleading was included in the record before the trial court.

. We address this issue due to the information contained in the federal pleading. However, Continental neither answered Mr. Rendon's appeal nor cross-appealed the trial court’s judgment.

. La. C.C.P. art. 2133(A) provides:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.