SANDRA CABRINA JENKINS, Judge.
11 This appeal arises from an employee suit in which Christopher Washington alleged that his former employer, Landry’s Seafood House (“Landry’s”), failed to pay final wages within the time period mandated by La. R.S. 23:631. After de novo review, we find no error in the trial court’s judgment granting Landry Seafood’s motion for summary judgment. We also find no error in the trial court’s judgment denying Mr. Washington’s motion for new trial. We affirm the trial court judgments on the motion for summary judgment and motion for new trial. We dismiss as abandoned the remainder of this consolidated appeal.[1]
*679 FACTUAL AND PROCEDURAL BACKGROUND
On April 25, 2018, Christopher Washington was hired by Landry’s to work as a* busser at the rate of $7.25 per hour. On his first day of training, April 26, 2018, Mr. Washington worked a total of 7.20 hours. He was told to return the next day for a shift beginning at 6:00 p.m. On April 27, 2013, Mr. Washington contacted his manager and stated he would not be able to work past 8:00p.m. As a result, Mr. Washington’s employment was terminated. On the same day, Mr. | ¡Washington returned a chefs jacket to the restaurant and tendered a letter to the manager demanding payment of his wages within fifteen days pursuant to La. R.S. 23:631. On May 15, 2013, Mr. Washington filed a petition for damages against Landry’s seeking unpaid wages, in the amount of $52.20, and penalties for failure to pay timely.
Both parties filed motions for summary judgment. On July 8, 2013, the trial court held a hearing on the cross motions for summary judgment. On July 23, 2013, the trial court rendered judgment denying Mr. Washington’s motion for summary judgment, granting Landry’s cross motion for summary judgment, and dismissing plaintiff’s claims. On July 10, 2013, based on the trial court’s oral ruling on the motions for summary judgment, Mr. Washington filed a motion to reconsider, motion to annul judgment, motion for new trial and motion for sanctions arguing Landry’s withheld evidence that would establish a genuine issue of material fact precluding summary judgment. The trial court held a hearing on the merits of Mr. Washington’s motions on September 20, 2013. The trial court’s September 24, 2013 judgment denied the motion for new trial and motion for sanctions.[2] The trial court subsequently granted Mr. Washington’s motion for appeal from the trial court’s judgments on the motion for summary judgment and motion for new trial.
Mr. Washington also filed a separate petition to annul the trial court’s July 23, 2013 judgment granting Landry’s motion for summary judgment and | ^dismissing his suit with prejudice. In response, Landry’s filed a motion for summary judgment and peremptory exception of res judicata. After a hearing on the merits, the trial court denied Landry’s motion for summary judgment and granted Landry’s peremptory exception of res judicata. The trial court’s February 21, 2014 judgment dismissed Mr. Washington’s petition for nullity. Mr. Washington filed a motion to appeal this judgment that was granted, and the record on appeal was lodged with this Court on May 23, 2014. Upon motion of Landry’s, the two appeals were consolidated. By the time of submission of the consolidated appeals for decision, Mr. Washington had not filed an appellant brief in his second-filed appeal of the trial court’s February 21, 2014 judgment dismissing his petition for nullity. Consequently, pursuant to La. C.C.P. art. 2165 and Uniform Rule 28.6, Mr. Washington’s *680 appeal (2014-CA-0530) of the February 21, 2014 judgment is dismissed as abandoned.[3]
We now turn to our discussion of the merits of the original appeal (2014-CA-0128) relating to the trial court’s July 23, 2013 judgment granting Landry’s motion for summary judgment and the September 24, 2013 judgment denying his motion for new trial.
LAW AND ANALYSIS
 On appeal, our review of summary judgments is de novo using the same standard applied by the trial court in deciding whether summary judgment is appropriate by determining if any genuine issues of material fact exist. Francis v. Union Carbide Corp., 12-1397, pp. 2-3 (La.App. 4 Cir. 5/8/13), 116 So.3d 858, 860 (citing King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180). An issue is genuine if reasonable persons could disagree. Smith v. Treadaway, 13-0131, p. 4 (La.App. 4 Cir. 11/27/13), 129 So.3d 825, 828 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2312, p. 27 (La.7/5/94), 639 So.2d 730, 751). Facts are material when they “insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass’n, Inc., 12-1634, p. 6 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 222 (citing Smith, 93-2512, p. 27, 639 So.2d at 751).
In his third assignment of error,[4] Mr. Washington contends the trial court erred in granting Landry’s motion for summary judgment. Mr. Washington argues the trial court erred in finding that Landry’s paid Mr. Washington in the customary method of payment pursuant to La. R.S. 23:631 and in finding Landry’s was not liable for penalty wages.
In regards to payment after termination of employment, La. R.S. 23:631(A) provides in pertinent part:
(1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount due under the terms of employment, whether the employment is by the hour, day, week, or |fimonth, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
(2) Payment shall be made at the place and in the manner which has been customary during employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and *681 the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
Any employer who fails or refuses to comply with the provisions of La. R.S. 23:631 shall be liable for penalty wages pursuant to La. R.S. 23:632.[5]
Mr. Washington acknowledges that, on June 12, 2013, Landry’s mailed him a check for the wages he earned on April 27, 2013. Mr. Washington argues, however, that Landry’s failed to comply with the fifteen day time period set forth in La. R.S. 23:631; as a result, he argues, Landry’s is liable for penalty wages pursuant to La. R.S. 23:632.
Landry’s contends that it fully complied with La. R.S. 23:631. Landry’s submits that Mr. Washington’s paycheck was made available for pick up at Landry’s restaurant on May 7, 2013. Landry’s asserts that it customarily pays its employees at its place of business, rather than by mail. Both Landry’s and Mr. Washington attached, offered and introduced a copy of the paycheck made out to |fiMr. Washington at the hearing oh the motions for summary judgment. The check is dated May 7, 2013. When Mr. Washington did not return to the restaurant to retrieve his paycheck, Landry’s mailed him the paycheck on June 12, 2013. Landry’s also offered and introduced the affidavit of Joe Spadaro, the manager of Landry’s, who attested to the above facts. Based on these facts, Landry’s maintains its compliance with La. R.S. 23:631 by making Mr. Washington’s paycheck available to him in the customary manner at the place of business within the statutory time period.
Statutes, such as La. R.S. 23:632, authorizing the imposition of penalties or sanctions are penal in nature and must be strictly construed. Saacks v. Mohawk Carpet Corp., 03-0386, p. 15 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 370 (citing Consolidated Distributors, Inc. v. United Group of Nat. Paper Distributors, Inc., 32,431 (La.App. 2 Cir. 10/27/99), 743 So.2d 862). “Penalties should not be imposed on the employer when it presents a good faith non-arbitrary defense to its liability for unpaid wages.” Id., 03-0386, p. 16, 855 So.2d at 370 (citing Carriere v. Pee Wee’s Equip. Co., 364 So.2d 555 (La.1978)); see Brown v. Navarre Chevrolet, Inc., 610 So.2d 165, 171 (La.App. 3 Cir.1992) (“[T]he employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner.”)
Upon our review of the record on the motions for summary judgment, we find that Landry’s established its compliance with La. R.S. 23:631. Landry’s made payment available to Mr. Washington within the statutory time period and in a custom *682 ary manner at the place of business. We find that the evidence supports that Landry’s acted in good faith to comply with the provisions of La. R.S. 23:631.
|7In opposition to Landry’s motion for summary judgment, Mr. Washington failed to put forth evidence sufficient to establish that there was any genuine issue of material fact. He produced no factual support for his contention that Landry’s acted in bad faith or in an arbitrary manner or in contravention of the provisions of La. R.S. 23:631, such that Landry’s would be liable for penalty wages. Consequently, we find no genuine issues of material fact and the trial court properly granted Landry’s motion for summary judgment. This assignment of error is without merit.
In his final assignment of error, Mr. Washington argues that the trial court erred in denying his motion for a new trial. He contends that the trial court refused to consider newly discovered evidence that created a genuine issue of material fact for trial. In his motion for new trial, Mr. Washington stated Landry’s provided documents to him, on the day after the summary judgment hearing, establishing that Mr. Washington would be paid by direct deposit or pay card as the customary method of payment during his employment. Mr. Washington argued to the trial court that the Electronic Pay Authorization Form constituted new evidence essential to his case; and this new evidence created a genuine issue of material fact regarding the customary method of payment and whether Landry’s complied with La. R.S. 23:631.
Landry’s, in opposition, argued that Mr. Washington did not complete the Electronic Pay Authorization Form and, therefore, did not have a customary method of payment established with Landry’s. Thus, the documents did not constitute new evidence for the purpose of granting a new trial.
In considering Mr. Washington’s motion for new trial, the trial court reviewed the findings and reasons for judgment for granting Landry’s motion for [^summary judgment. The trial court found that the previous judgment was based on a finding that Mr. Washington had not worked at Landry’s long enough to have a customary method of payment from his employer. Based on the motion and arguments, the trial court found that the newly discovered evidence would not change the outcome on the motion for summary judgment and did not warrant a new trial. The trial court denied Mr. Washington’s motion for new trial.
We review a ruling on a motion for new trial under an abuse of discretion standard. Jouve v. State Farm Fire and Cas. Co., 10-1522, p. 15 (La.App. 4 Cir. 8/17/11), 74 So.3d 220, 229 (citing Guillory v. Lee, 09-0075, p. 38 (La.6/26/09), 16 So.3d 1104, 1131). “[T]o justify a new trial under Article 1972, the newly discovered evidence must not only relate to the cause of the case, it must also be ‘important’ enough to potentially affect the outcome.” Pyles v. Weaver, 06-0348, p. 6 (La. App. 4 Cir. 5/16/07), 958 So.2d 753, 759; La. C.C.P. art. 1972.[6] “Newly discovered evidence justifies a new trial only if evidence: (1) is discovered after trial; (2) could not, with due diligence, have been discovered before or during the trial; and (3) is not merely cumulative, but instead would tend to change the result of the *683 case.” Jouve, 10-1522, pp. 15-16, 74 So.3d at 229; Turner v. Dameron-Pierson Co., Ltd., 95-0148, p. 2 (La.App. 4 Cir. 11/16/95), 664 So.2d 739, 740.
After reviewing the record and the documents submitted by Mr. Washington, we find no abuse of discretion in the trial court’s ruling denying the motion for new trial. First, the record reflects that Mr. Washington did not file a motion for discovery or make any attempts, with due diligence, to obtain evidence |9before filing his motion for summary judgment and motion for expedited consideration. Further, Mr. Washington did not establish how this evidence would tend to change the result of the case. The incomplete Electronic Pay Authorization Form does not provide evidence or present a genuine issue of material fact in this case, because Mr. Washington had not worked at Landry’s long enough to establish himself as an employee with a customary method of payment. The evidence does not justify a new trial. Therefore, we find no abuse of discretion in the trial court’s ruling denying the motion for new trial. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment granting Landry’s motion for summary judgment and the judgment denying Mr. Washington’s .motion for new trial are affirmed. The consolidated appeal numbered 2014-0580, relating to the trial court’s dismissal of the petition for nullity, is hereby dismissed as abandoned.
AFFIRMED IN PART; DISMISSED IN PART.

. Appéal numbered 2014-CA-0128 concerns the trial court’s judgments on the motion for summary judgment and motion for new trial, which we affirm. Appeal numbered 2014- *679 CA-0530 is dismissed as abandoned for reasons set forth within the opinion.

. Louisiana Code of Civil Procedure does not provide for a motion to reconsider. Such motion is treated as a motion for new trial. Jennings v. J. Ray McDermott Holdings, Inc., 99-3161, p. 2 (La.App. 4 Cir. 4/5/00), 760 So.2d 462, 463 (citing Clement v. American Motorists Ins. Co., 98-504, p. 3 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672). Since an action to annul a judgment for vices of substance must be brought by direct action in a petition for nullity, the trial court did not consider Mr. Washington’s motion to annul judgment. See La. C.C.P. art.2004; see Ezzell v. Miranne, 13-349, p. 5 (La.App. 5 Cir. 12/30/13), 131 So.3d 1093, 1096; Transworld Drilling Co. v. Texas General Resources, Inc., 604 So.2d 586, 592 (La.App. 4 Cir. 1992).

. We further note Mr. Washington failed to appear before this Court for oral arguments on September 3, 2014.

. In his appeal, Mr. Washington assigns four errors: 1) the trial court erred in denying his motion for summary judgment; 2) the trial court erred in hearing Landry's cross motion for summary judgment because Mr. Washington was not properly served with Landry’s motion; 3) the trial court erred in granting Landiy’s motion for summary judgment; and 4) the trial court erred in denying Mr. Washington’s motion for new trial. The first two assignments are without merit. Regarding his first assignment of error, the denial of a motion for summary judgment is a non-ap-pealable interlocutory judgment. Ross v. City of New Orleans, 96-1853, p. 1 (La.App. 4 Cir. 9/13/96), 694 So.2d 973, 974 (citing Batson v. Time, Inc., 298 So.2d 100, 106 (La.App. 1 Cir. 1974)). As to the insufficient servifce of Landry’s motion, Mr. Washington voluntarily waived his objection to service when he made a general appearance and argued the motions on the merits. See Chaney v. Coastal Cargo, Inc., 98-1902, p. 3 (La.App. 4 Cir. 1/20/99), 730 So.2d 971, 972; Strickland v. Bd. of Supervisors of Louisiana State Univ., 432 So.2d 964, 966 (La.App. 4 Cir. 1986).

. La. R.S. 23:632 provides,
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

. La. C.C.P. art. 1972 provides, in pertinent part, "[a] new trial shall be granted, upon contradictory motion of any party, (2)[w]hen the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence have obtained before or during the trial.”