ISACKS CONSTRUCTION CO., INC.

VERSUS

ST. ANGELO INVESTMENT COMPANY, L.L.C.

\* NO. 2023-CA-0117

\*

\* COURT OF APPEAL

\*

\* FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-10748, DIVISION "F-14"
Honorable Jennifer M. Medley
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Christopher K. LeMieux
Johanna Elizabeth Lambert
RIESS LeMIEUX, LLC
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

COUNSEL FOR PLAINTIFF/APPELLEE

Gregory J. St. Angelo
*PRO SE*
10 Tupelo Trace
Mandeville, LA 70471

COUNSEL FOR DEFENDANT/APPELLANT

AFFIRMED
SEPTEMBER 22, 2023

Gregory St. Angelo (hereinafter "St. Angelo") seeks review of the trial court's June 2, 2022 judgment granting Isacks Construction Co., Inc.'s (hereinafter "Isacks") motion for summary judgment and finding that St. Angelo owes Isacks $575.748.11, plus interest for unpaid work performed for St. Angelo and St. Angelo Investment Company, LLC (hereinafter "SAIC"). After consideration of the record before this Court and the applicable law, we affirm the trial court's June 2, 2022 judgment.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

From 2016 to 2017, Isacks performed work for St. Angelo and SAIC at 622 Conti Street, 618 Conti Street, and 4 Everett Place in New Orleans, Louisiana. On November 8, 2017, Isacks filed suit against SAIC for breach of contract for SAIC's failure to pay Isacks for work performed as general contractor in the amount of $575,748.11. On March 23, 2018, Isacks amended its petition to include St. Angelo personally.

On March 29, 2019, St. Angelo and SAIC filed a motion for stay of civil proceedings based on St. Angelo's involvement in a related federal criminal case. The trial court heard St. Angelo and SAIC's motion to stay the proceedings on

September 13, 2019, and the motion was denied as moot. The judgment was signed and a notice of signing of judgment was issued on September 20, 2019. Two days before, on September 18, 2019, the judgment on the motion for stay was vacated and a rule to show cause resetting the motion for stay was set for November 8, 2019. At the time of Isacks' motion for summary judgment, the motion for stay was still outstanding and had not been disposed of by the trial court.

On January 18, 2022, Isacks filed a motion for summary judgment asserting it was entitled to money owed for work performed on behalf of St. Angelo and SAIC. In the rule to show cause that accompanied the motion and memorandum, SAIC, not St. Angelo, was ordered to appear for the motion for summary judgment hearing. Additionally, under the service section of the order, Isacks requested service on SAIC through its agent of service of process, St. Angelo, but did not request service on St. Angelo individually. Neither St. Angelo nor SAIC filed an opposition to Isacks' motion for summary judgment.

The hearing on Defendants' motion for summary judgment was held on March 29, 2022. St. Angelo appeared *pro se* and proceeded to argue the merits of the motion. Ruling from the bench, the trial court granted the motion for summary judgment, but failed to provide any reasons for judgment. The judgment was signed on June 2, 2022. On June 10, 2022, St. Angelo filed a motion for new trial, which Isacks opposed. The hearing on St. Angelo's motion for new trial was held on October 4, 2023, and the trial court denied the motion for new trial in open court. The judgment was signed on October 18, 2022. On December 27, 2022, St. Angelo timely filed this devolutive appeal.

2

## STANDARD OF REVIEW

"An appellate court reviews a trial court's decision to grant a motion for summary judgment *de novo.*" *Guilbeaux v. Lupo Enters., L.L.C.*, 2021-0053, p. 4 (La. App. 4 Cir. 5/19/21), 321 So. 3d 447, 451. When reviewing whether a trial court properly granted summary judgment, the appellate court asks the same questions as the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 1993-2512, p. 26 (La. 7/05/94), 639 So. 2d 730, 750 (citations omitted). "This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law." *Chanthasalo v. Deshotel*, 2017-0521, p. 5 (La. App. 4 Cir. 12/27/17), 234 So. 3d 1103, 1107 (quoting *Ducote v. Boleware*, 2015-0764, p. 6 (La. App. 4 Cir. 2/17/16), 216 So. 3d 934, 939).

## MOTION FOR SUMMARY JUDGMENT

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id*. at (A)(3). "On a motion for summary judgment the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial." *Guilbeaux*, 2021- 0053, p. 6, 321 So. 3d at 452 (citing La. C.C.P. art. 966(D)(1)). If the mover meets this burden of proof, then the adverse party must come forth with evidence demonstrating that

3

he will be able to meet his burden at trial. *Babin v. Winn-Dixie La., Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39-40. "[A]n adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967(B).

## DISCUSSION

In his sole assignment of error, St. Angelo asserts that the trial court erred in granting summary judgment against him, individually, when he was never named as a party to Isacks' rule to show cause. St. Angelo fully briefed his assignment of error; however, this argument was not properly raised before the trial court and thus is waived on appeal. "It is well settled that appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed." *Chaumont v. City of New Orleans*, 2020-0017, p. 4 (La. App. 4 Cir. 6/3/20), 302 So. 3d 39, 45-46 (citing *Council of City of New Orleans v. Washington*, 2009-1067, pp. 3-4 (La. 5/29/09), 9 So.3d 854, 856).

During the hearing on Isacks' motion for summary judgment, St. Angelo appeared *pro se* and proceeded to argue the merits of the motion without asserting any procedural deficiency of lack of service.[1] He asserted that his outstanding motion to stay the proceedings needed to be addressed prior to the court conducting a summary proceeding. St. Angelo did not present any argument regarding not being named, individually, as a party to the motion.

---

[1] St. Angelo voluntarily waived the right to object to a lack of service when he appeared, argued the merits, and failed to object to a lack of service. *See Soileau v. Churchill Downs La. Horseracing Co., L.L.C.*, 2021-0022, 0049, 0199, p. 44 (La. App. 4 Cir. 12/22/21), 334 So. 3d 901, 930 (citing *Washington v. Landry's Seafood House New Orleans, Inc.*, 2014-0128, 0530, p.4 n.4 (La. App. 4 Cir. 11/19/14), 154 So. 3d 677, 680.

4

Further, in his motion for new trial, St. Angelo asserted four arguments to support his position that summary judgment should not have been granted:

1. There is no written contract signed by the parties which has been admitted into evidence in this case since no such contract exists. Plaintiff has not even produced a copy of any such contract or even alleged that any such contract was lost or destroyed. This cannot be a case for sums owed on an open account since none of the procedures set out in La. [R.S.] 9:2781 were followed. At most, plaintiff could allege an oral contract. Even then, the record is devoid of evidence of such, much less specific terms, obligations, remedies etc., to say nothing of an award of attorney's fees which are permitted only by statute or contract. The admitted admissions alone are insufficient to provide evidence of a prima facie case of breach of contract as surely there are genuine issues as to material fact such as to preclude summary judgment. In any case, it seems as though the plaintiff has rightfully abandoned this unsupportable and meritless claim since the original defendant, St. Angelo Investment Company, L.L.C.[,] isn't mentioned or addressed in the Plaintiff's Motion or the ensuing judgment.

2. The granting of Plaintiff's Motion for Summary Judgment was premature since the Court had not heard or ruled upon defendant Gregory St. Angelo's pending Motion to Stay Proceedings.

3. Even if Plaintiff's Requests for Admission are admitted, they are insufficient to support a Motion for Summary Judgment. In its instructions and definitions for responding to its discovery. Plaintiff defines "You" or "Your", or defendant as Gregory St. Angelo, and all other representatives acting on behalf of Gregory St. Angelo. Plaintiffs [sic] Requests for Admissions numbered 1 through 12 ask Gregory St. Angelo whether or not he issued various checks to Plaintiff for invoices. Any actions that defendant St. Angelo took were on behalf of St. Angelo Investment Company, L.L.C., the owner of the properties where plaintiff allegedly performed work, and not on his own individual behalf. To the extent that these Requests for Admission seek to establish an amount owed, they in no way support that defendant Gregory St. Angelo owed any funds to plaintiff. At most, defendant St. Angelo Investment Company, LLC would owe plaintiff, not defendant Gregory St. Angelo. Plaintiff's remaining Requests for Admissions ask whether he was the sole member of St. Angelo Investment Company, LLC and whether defendant Gregory St. Angelo individually owes plaintiff the amount he seeks. No answer to any of these Requests for Admissions could support a claim for either detrimental reliance or fraud, the only causes of action asserted against Gregory St. Angelo nor does

5

Plaintiff even articulate a legal theory as to how these Admissions, if admitted, would do so under L [sic] Louisiana law and jurisprudence. Again, there is no Prima Facie case established as to defendant Gregory St. Angelo, individually.

4. Plaintiff's only causes of action against defendant Gregory St. Angelo are for detrimental reliance and fraud (purported knowledge that he didn't have access to financing to pay plaintiff yet allowed plaintiff to continue to work.) Plaintiff never articulates much less introduces evidence of which action or inactions defendant Gregory St. Angelo undertook or didn't undertake to establish a case for promissory estoppel or detrimental reliance. Plaintiff has not sought to pierce any corporate veil or assert an "alter ego" status. Additionally, none of the Requests for Admission address what defendant St. Angelo knew or should have known regarding the inability of First NBC Bank to finance Plaintiff's work. That is the entire basis of Plaintiff's fraud claim against defendant Gregory St. Angelo. There is no evidence in the record, even with Plaintiff's Requests for Admission deemed admitted, to support a judgment in Plaintiff's favor as a matter of law. At a minimum there are genuine issues of material fact that would further preclude a Summary Judgment in Plaintiff's favor.

None of St. Angelo's arguments in his motion for new trial related to him not being a named party to Isacks' motion. Before the trial court, St. Angelo asserted several arguments, none of which related to the sole assignment of error that he has presented to this Court.

Here, St. Angelo argues, for the very first time, that he was not named as a party to Isacks' rule to show cause. Accordingly, we cannot consider this issue on appeal at this time. As St. Angelo has asserted only this one assignment of error, the judgment must be upheld.

## DECREE

For the forgoing reasons, the trial court's June 2, 2022 judgment granting summary judgment in favor of Isacks is affirmed.

**AFFIRMED**