MICHELLE ZELLNER

VERSUS

LOVING HEARTS OF LA, LLC

\* \* \* \* \* \* \*

\*

\*

\*

\*

\*

NO. 2024-CA-0738

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-00768, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Monique G. Morial)

Barry W. Sartin, Jr.
Kevin P. Riche
SARTIN & RICHE TRIAL LAWYERS
2118 N. Causeway Boulevard
Metairie, LA 70001

          COUNSEL FOR PLAINTIFF/APPELLANT


Laura F. Ashley
Gabrielle L. Ferrara
KREBS FARLEY, PLLC
400 Poydras Street, Suite 2500
New Orleans, LA 70130

          COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED
MARCH 17, 2025**

*TGC*
*DLD*

Michelle Zellner (hereinafter "Ms. Zellner") seeks review of the trial court's September 5, 2024 judgment denying her request for penalty wages.[1] After consideration of the record before this Court and the applicable law, we affirm the trial court's judgment.

## Facts and Procedural History

Ms. Zellner was employed at Loving Hearts of LA, LLC (hereinafter "Loving Hearts") from September 11, 2023 until October 3, 2023 and completed approximately one-hundred and thirty-one hours of work. On October 6, 2023, Ms. Zellner received her only paycheck from Loving Hearts. The paycheck included all but thirty-nine hours of work. In an attempt to resolve the error, Ms. Zellner contacted Loving Hearts, who explained that the error resulted from a clerical error caused by misplacement of her September 25, 2023 to September 29, 2023 timesheet. Loving Hearts located the missing timesheet and informed Ms. Zellner that it would issue a check for the unpaid wages by October 20, 2023. When Ms. Zellner did not receive her check, she traveled to Loving Hearts' main office where

---

[1] Ms. Zellner does not seek review of the trial court's ruling regarding the unpaid wages and award of attorney fees.

she was advised that another discrepancy occurred. Specifically, the system incorrectly listed her resignation date as September 25, 2023 rather than October 3, 2023. Loving Hearts indicated that her check would be forthcoming.

On January 26, 2024, after not receiving her check, Ms. Zellner filed a "Rule for Judgment for Unpaid Wages" pursuant to La. R.S. 23:631.[2] She sought unpaid wages, attorney fees and penalty wages. After the filing of the lawsuit, Loving Hearts mailed a check for the unpaid wages to Ms. Zellner's attorney's office.[3]

The case proceeded to trial and by judgment dated September 5, 2024, the trial court deemed the unpaid wages issue moot, awarded attorney fees and denied Ms. Zellner's request for penalty wages. The trial court did not find that Loving Hearts' failure to remit payment was arbitrary or in bad faith. Rather, it determined that the "claim of clerical error is a good faith defense that precludes an award of penalty wages." This appeal followed.

## Assignments of Error

Ms. Zellner presents two assignments of error, which collectively challenge the trial court's denial of her request for penalty wages. Specifically, she maintains that La. R.S. 23:632 mandates an award of penalty wages when wages are withheld.

## Standard of Review

"A trial court's determination of whether an employer is arbitrary or in bad faith for purposes of imposing penalty wages is a question of fact and is, therefore,

---

[2] La. R.S. 23:631 is entitled "Discharge or resignation of employees; payment after termination of employment."

[3] Gian Durand (hereinafter "Ms. Durand"), Chief Executive Officer at Loving Hearts, testified that she first discovered Ms. Zellner had not received the amount of the wages owed when she was served with the rule for judgment. Upon inquiring into the matter, Ms. Durand stated that she personally mailed the check for the unpaid wages to Ms. Zellner's attorney's office.

subject to the manifest error standard of review." *Kaplon v. Rimkus Consulting Grp., Inc. of Louisiana*, 2009-1275, p. 12 (La.App. 4 Cir. 4/28/10), 39 So.3d 725, 733 (citation omitted). This Court has previously stated that a two-part inquiry is required to reverse a trial court's finding of fact: "(1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong (manifestly erroneous)." *Ladd v. Law Enf't Dist. for Par. of Orleans*, 2022-0212, p. 3 (La.App. 4 Cir. 10/5/22), 350 So.3d 962, 965 (citations omitted).

### **Penalty Wages**

Ms. Zellner maintains the trial court erred in denying her request for penalty wages because Loving Hearts did not present a good faith defense for failing to timely tender her unpaid wages. She asserts that Loving Hearts' failure to timely tender her unpaid wages was arbitrary as evidenced by the fact that it issued a check after the filing of the lawsuit. Conversely, Loving Hearts contends that the failure to timely tender the unpaid wages was due to an office oversight and was not arbitrary or in bad faith. La. R.S. 23:632 provides:

A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

B. When the court finds that an employer's dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. If the court determines that the employer's failure or refusal to pay the amount of wages owed was not

3

in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section.

C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

To recover penalty wages under La. R.S. 23:632, Ms. Zellner must prove that: (1) unpaid wages are due; (2) demand for payment was made at the place where the employee was customarily paid; and (3) the employer did not pay within the required timeframe after demand of payment. *Kaplon*, 2009-1275, p. 12, 39 So.3d at 733 (citation omitted). However, "'a good-faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability" permits a court to decline to impose penalty wages on an employer."' *Wyatt v. Avoyelles Par. Sch. Bd.*, 2001-3180, p. 15 (La. 12/4/02), 831 So.2d 906, 917 (quoting *Beard v. Summit Inst. of Pulmonary Med. & Rehab., Inc.*, 1997-1784, p. 7 (La. 3/4/98), 707 So.2d 1233, 1236 (citation omitted).

After hearing the testimony, the trial court denied Ms. Zellner's request for penalty wages. Testimony elicited at the hearing reveals that Ms. Zellner's timesheet for the week of September 25, 2023 to September 29, 2023 was missing when Loving Hearts initially paid her on October 6, 2023. The trial court determined this oversight was a clerical error thus, constituting a good faith defense that did not warrant the imposition of penalty wages. We agree. "The penalty statute requires more than a mere showing that the wages were due and owing." *Bodenheimer v. Carrollton Pest Control & Termite Co.*, 2017-0595, p. 13 (La.App. 4 Cir. 2/14/18), 317 So.3d 351, 360. "[T]he employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner." *Washington v.*

4

*Landry's Seafood House New Orleans, Inc.*, 2014-0128, p. 6 (La.App. 4 Cir. 11/19/14), 154 So.3d 677, 681 (quoting *Brown v. Navarre Chevrolet, Inc.*, 610 So.2d 165, 171 (La.App. 3 Cir. 1992). The amount paid to Ms. Zellner, on October 6, 2023, did not include payment for thirty-nine hours of work for the week of September 25, 2023 to September 29, 2023. Ms. Zellner contacted Loving Hearts who acknowledged that it owed additional wages. After not receiving the full amount of the wages owed on October 6, 2023, Ms. Zellner again contacted Loving Hearts. It was discovered that Loving Hearts' system incorrectly reflected Ms. Zellner's resignation date. Ms. Zellner was advised that she would receive the unpaid wages on October 26, 2023. Albeit several months later, Ms. Zellner received the full amount of the wages owed.

Brandye DeLarge, the finance administrator at Loving Hearts, testified at trial regarding the check for unpaid wages dated October 20, 2023. She stated that she wrote the check to Ms. Zellner; however, it was not mailed. Ms. DeLarge specified that she placed the check on another employee's desk and attached a note directing the employee to mail the check to Ms. Zellner. The employee was not present at the office when Ms. DeLarge placed the check on the employee's desk and the check was not mailed. "La. R.S. 23:632, authorizing the imposition of penalties or sanctions [is] penal in nature and must be strictly construed." *Washington*, 2014-0128, p. 6, 154 So.3d at 681 (citations omitted). "Penalties should not be imposed on the employer when it presents a good faith non-arbitrary defense to its liability for unpaid wages." *Saacks v. Mohawk Carpet Corp.*, 2003-0386, p. 16 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 370 (citation omitted). Loving Hearts did not dispute that it owed Ms. Zellner the unpaid wages and sought to remit payment. The trial court acknowledged that Loving Hearts failed to

5

timely tender the unpaid wages. However, the wages were eventually paid. Ms. Durand explained that it was not until she received the lawsuit that she discovered that Ms. Zellner had not received the check.[4] Nonetheless, the trial court found Loving Hearts' failure to timely tender the unpaid wages was a clerical error and not arbitrary or in bad faith. In applying a manifest error standard of review, we consider the reasonableness of the trial court's factual determinations. *See Waters v. Oliver*, 2016-1262, p. 6 (La.App. 4 Cir. 6/22/17), 223 So.3d 37, 43. "The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Ladd*, 2022-0212, p. 4, 350 So.3d at 965 (citation omitted). The trial court weighed the evidence presented and ultimately determined that Loving Hearts presented a good faith defense for failing to timely tender the unpaid wages to Ms. Zellner. We find the trial court's findings are reasonably supported by the evidence and testimony. Accordingly, we find that the trial court did not err in denying Ms. Zellner's request for penalty wages.

## Decree

For the foregoing reasons, we affirm the trial court's judgment denying Ms. Zellner's request for penalty wages.

**AFFIRMED**

---

[4] In its reasons for judgment, the trial court notes that the parties stipulated that a check for the unpaid wages was mailed to Ms. Zellner's attorney's office after the filing of the lawsuit.